IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re                                                          : Chapter 11
                                                               :
NEXITY FINANCIAL CORPORATION,[1]                               : Case No. 10-_____ (   )
                                                               :
                        Debtor.                                :
                                                               :
---------------------------------------------------------------x

**CERTIFICATION OF DREW G. SLOAN OF RICHARDS, LAYTON &
FINGER, P.A. WITH RESPECT TO THE TABULATION OF VOTES ON
THE FIRST AMENDED PREPACKAGED PLAN OF REORGANIZATION OF NEXITY
FINANCIAL CORPORATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Drew G. Sloan, being duly sworn, deposes and says under penalty of perjury as follows:

1. I am associated with the law firm of Richards, Layton & Finger, P.A. ("RLF").

2. RLF is the voting and tabulation agent for Nexity Financial Corporation (the "Debtor"), as debtor and debtor in possession in the above-captioned chapter 11 case. The Debtor designated RLF as voting and tabulation agent to assist with: (i) the mailing of solicitation packages to creditors entitled to vote to accept or reject the Debtor's prepackaged chapter 11 plan and (ii) the tabulation of ballots cast with respect to the chapter 11 plan.

3. I am authorized to submit this certification on behalf of RLF. Unless otherwise stated, I have personal knowledge of the facts hereinafter set forth, and if called as a witness, I could and would testify thereto.

---

[1] The last four (4) digits of the Debtor's federal identification number are 2937. The Debtor's principal place of business is located at 3680 Grandview Parkway, Suite 200, Birmingham, Alabama 35243.

## QUALIFICATION OF RLF AS VOTING AND TABULATION AGENT

4. RLF has considerable experience in representing debtors and creditors in chapter 11 cases and is familiar with the process for tabulating the ballots of creditors and interest holders with respect to plans of reorganization similar to the Debtor's chapter 11 plan.

5. Except for services rendered and to be rendered as counsel to the Debtor in this prepackaged chapter 11 case, RLF has no relationship or affiliation with the Debtor and is not a creditor of the Debtor's estate.

## SERVICE OF SOLICITATION PACKAGES

### A.  July 1, 2010 Solicitation

6. On July 1, 2010, the following solicitation materials (collectively, the "Solicitation Package") were mailed to the Debtor's creditors entitled to vote to accept or reject the Prepackaged Plan:

   a. the *Prepackaged Plan of Reorganization of Nexity Financial Corporation Under Chapter 11 of the Bankruptcy Code* (the "Prepackaged Plan"), a copy of which is attached hereto as Exhibit 1;

   b. the *Disclosure Statement Relating to the Prepackaged Plan of Reorganization of Nexity Financial Corporation Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"), a copy of which is attached hereto as Exhibit 2;

   c. a Class 2 Secured Lender Claim Ballot (the "Class 2 Ballot") or a Class 5 TruPS Claims Ballot (the "Class 5 Ballot"), as appropriate, a copy of the Class 2 Ballot and a Class 5 Ballot are attached hereto as Exhibit 3; and

   d. a letter, executed by Greg L. Lee, Chairman of the Board and Chief Executive Officer of the Debtor, expressing the views of the Debtor's management with regard to the Prepackaged Plan (the "Management Letter"), a copy of which is attached hereto as Exhibit 4.

7.  On July 1, 2010, I caused a true and correct copy of the Solicitation Package (not including the Class 5 Ballot, but including the Prepackaged Plan, a Class 2 Ballot and the Management Letter) to be served via overnight mail on the party listed on Exhibit 5 attached hereto.

8.  On July 1, 2010, I caused true and correct copies of the Solicitation Package (not including the Class 2 Ballot, but including the Prepackaged Plan, a Class 5 Ballot and the Management Letter) to be served via overnight mail on the parties listed on Exhibit 6 attached hereto.

**B.   July 15, 2010 Solicitation**

9.  The Debtor subsequently amended the Prepackaged Plan to address certain comments received from the Secured Lender. Accordingly, on July 15, 2010, I caused the following additional materials to be served via overnight mail on the party listed on Exhibit 5 attached hereto:

   a.  the *First Amended Prepackaged Plan of Reorganization of Nexity Financial Corporation Under Chapter 11 of the Bankruptcy Code* (the "First Amended Plan")[2], a copy of which is attached hereto as Exhibit 7;

   b.  a revised Class 2 Secured Lender Claim Ballot (the "Revised Class 2 Ballot", together with the Class 5 Ballots, the "Ballots") for purposes of voting on the First Amended Plan, a copy of the Revised Class 2 Ballot is attached hereto as Exhibit 8; and

   c.  a letter from counsel to the Debtor referencing the enclosed First Amended Plan, a copy of which is attached hereto as Exhibit 9.

10.  While the Debtor did resolicit the vote of the Secured Lender based on the amendments made through the First Amended Plan, the Debtor determined that it was not

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the First Amended Plan.

3

RLF1 3591649v. 2

necessary to resolicit the votes of the Class 5 TruPS Claims holders, as the amendments to the Prepackaged Plan did not alter, amend or modify the treatment of the TruPS Claims under the Prepackaged Plan. Moreover, Article 13.4 of the Prepackaged Plan provides as follows:

*Amendment or Modification of the Prepackaged Plan*

> Subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123 and 1125 of the Bankruptcy Code, alterations, amendments or modifications of the Prepackaged Plan may be proposed in writing by the Debtor at any time prior to or after the Confirmation Date. Holders of Claims that have accepted the Prepackaged Plan shall be deemed to have accepted the Prepackaged Plan, as altered, amended or modified, provided that such alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder; and *provided, further, however*, that any holders of Claims who were deemed to accept the Prepackaged Plan because such Claims were unimpaired shall continue to be deemed to accept the Prepackaged Plan only if, after giving effect to such amendment or modification, such Claims continue to be unimpaired.

Accordingly, given the immaterial nature of the amendments, the Debtor submits that any holders of TruPS Claims who were deemed to accept the Prepackaged Plan shall also be deemed to accept the First Amended Plan.

11. Notwithstanding the Debtor not having resolicited the holders of TruPS Claims for purposes of voting on the First Amended Plan, on July 15, 2010, I caused the following to be served via overnight mail on the parties listed on Exhibit 6 attached hereto: (i) a courtesy copy of the First Amended Plan; and (ii) a letter from counsel to the Debtor referencing the First Amended Plan and disclosing the Debtor's decision not to resolicit the votes of the Class 5 TruPS Claims holders, a copy of which is attached hereto as Exhibit 10.

## VOTE CERTIFICATION

12. The procedures for the solicitation and tabulation were outlined in the Disclosure Statement, the Prepackaged Plan and the First Amended Plan (the "Solicitation Procedures"). RLF was designated by the Debtor to review, determine the validity of, and

4

tabulate the Ballots submitted to vote for the acceptance or rejection of the First Amended Plan by creditors entitled to vote on the First Amended Plan. I supervised the tabulation process performed by personnel of RLF.

13. All completed Ballots were required to be returned by mail, email or facsimile to Mark D. Collins, Esq., c/o Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, (Facsimile Number: 302-498-7531), (Email Address: collins@rlf.com), which address was listed on the Ballots, so as to be received by RLF no later than 5:00 p.m. (prevailing Eastern Time) on July 21, 2010 (the "Voting Deadline"). Holders of claims entitled to vote on the First Amended Plan also received a return envelope with the foregoing address and the postage necessary to return such holder's Ballot.

14. Upon receipt of envelopes containing Ballots, RLF identified, date-stamped and entered the information contained in each Ballot into a spreadsheet. The spreadsheet cataloged the following information, to the extent it was indicated on the Ballot: (a) the class of the claim voting on the First Amended Plan, (b) the name and tax identification of the claimholder, (c) the name, address, and phone number of the individual who executed the Ballot, (d) the amount of the claim held by the creditor submitting the Ballot, (e) whether such Ballot accepted or rejected the First Amended Plan, and (f) whether such creditor elected the Secured Lender Stock Election or TruPS Holder Stock Election (and if so, in what percentage).

15. All Ballots received by RLF prior to the Voting Deadline were tabulated in accordance with the Solicitation Procedures described above. RLF is in possession of such Ballots received, and copies of such ballots are available for review. Ballots not validly executed in accordance with the Solicitation Procedures and/or not received by the Voting Deadline were

not counted. Issues with respect to the validity of Ballots were resolved by RLF's supervisory personnel in accordance with the Solicitation Procedures.

16. I further certify that a true and correct copy of the final tabulation of all votes cast on the First Amended Plan, which sets forth the amount and number of Claims (as such term is defined in the First Amended Plan) voting to accept and reject the First Amended Plan, is attached hereto as <u>Exhibit 11</u>. A summary of the results of the tabulation of properly executed ballots received by the Voting Deadline is set forth in the following table:

| CLASSES | TOTAL BALLOTS RECEIVED | | | |
|---|---|---|---|---|
| | *ACCEPT* | | *REJECT* | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER |
| Class 2 (Secured Lender Claim) | $14,370,241.50 (100%) | 1 (100%) | $0.00 | 0 |
| Class 5 (TruPS Claims) | $12,500,000.00 (96.15%) | 8 (88.89%) | $500,000.00 | 1 |

17. To date, RLF has not received any untimely Ballots or Ballots that failed to conform to the requirements set forth in the voting procedures.

RLF1 3591649v. 2

18. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Drew G. Sloan

STATE OF DELAWARE    )
                     )  ss:
COUNTY OF NEW CASTLE )

Subscribed, sworn to and acknowledged before me by Drew G. Sloan, Richards, Layton & Finger, P.A. on the 22nd day of July, 2010.

_____
Notary Public
My Commission Expires:

**NORMA J. SALOMON**
**Notary Public - State of Delaware**
**My Comm. Expires June 8, 2012**