# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                            :    Chapter 11
                                                 :
NEXITY FINANCIAL CORPORATION,[1]                 :    Case No. 10-12293 (KJC)
                                                 :
          Debtor.                                :
                                                 :
---------------------------------------------------------------x

ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
FBR CAPITAL MARKETS & CO. AS PLACEMENT AGENT FOR
THE DEBTOR IN CONNECTION WITH A PROPOSED EQUITY OFFERING
*NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTIONS 327(A) AND
328(A) OF THE BANKRUPTCY CODE AND (B) WAIVING LOCAL
RULE 2016-2 DESCRIPTION REQUIREMENTS

Upon the application (the "Application") of the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order (this "Order") authorizing the Debtor to retain and employ FBR Capital Markets & Co. ("FBR") as its placement agent *nunc pro tunc* to the Petition Date; and the Court having reviewed the Application; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of this Application was sufficient under the circumstances; and the Court having considered the Taylor Affidavit; and the Court having determined that the legal and factual bases set forth in the Application and the Taylor Affidavit establish just cause for the relief granted herein; it is hereby ORDERED that:

1. The Application is granted *nunc pro tunc* to the Petition Date.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

---

[1] The last four (4) digits of the Debtor's federal identification number are 2937. The Debtor's principal place of business is located at 3680 Grandview Parkway, Suite 200, Birmingham, Alabama 35243.

3. The Debtor shall be, and hereby is, authorized to retain and employ FBR as its placement agent in accordance with the Agreement.

4. FBR shall be compensated in accordance with the Agreement; *provided* that the approval of such compensation is subject to this Court's approval of a final fee application to be filed with this Court with respect to such amounts.

5. None of the fees payable to FBR shall constitute a "bonus" or fee enhancement under applicable law.

6. The requirements of Local Rule 2016-2(d) are hereby waived.

7. The indemnification obligations of the Debtor set forth in Section 7 of the Agreement is approved, subject during the pendency of the Chapter 11 Case to the following:

   a. FBR shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

   b. The Debtor shall have no obligation to indemnify FBR, or provide contribution or reimbursement to FBR, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from FBR's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtor alleges the breach of FBR's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to FBR's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a

hearing to be a claim or expense for which FBR should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order;

      c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this Chapter 11 Case, FBR believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, FBR must file an application therefore in this Court, and the Debtor may not pay any such amounts to FBR before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FBR for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify FBR. All parties in interest shall retain the right to object to any demand by FBR for indemnification, contribution or reimbursement; and

      d.    Any limitation of liability or limitation on any amounts to be contributed by the parties to the Agreement under the terms of the Agreement shall be eliminated.

      8.    Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      9.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

3

RLF1 3598108v. 1

10. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: August ____, 2010
       Wilmington, Delaware

                                                          _____
                                                          THE HONORABLE KEVIN J. CAREY
                                                          UNITED STATES BANKRUPTCY JUDGE