IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------x
                                 :
In re                            : Chapter 11
                                 :
NEXITY FINANCIAL CORPORATION,[1] : Case No. 10-12293 (KJC)
                                 :
                    Debtor.      : Objection Deadline: 11/22/10 at 4:00 p.m.
---------------------------------x

**FIRST MONTHLY APPLICATION OF JONES WALKER
WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR
FOR THE PERIOD FROM JULY 22, 2010 THROUGH JULY 31, 2010**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for (I) Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court and (II) Reimbursement of Expenses Incurred by Committee Members, dated August 27, 2010 (the "Administrative Order"), Jones, Walker, Waechter, Poitevent, Carrère & Denègre, LLP ("Jones Walker") hereby files this First Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtor (the "Debtor") for the Period From July 22, 2010 through July 31, 2010 (the "Application"). By this Application, Jones Walker seeks a monthly allowance pursuant to the Administrative Order with respect to the sum of $6,095.76 (80% of $7,619.70) as compensation for the period July 22, 2010 through July 31, 2010 (the "Compensation Period"). In support of this Application, Jones Walker respectfully represents as follows:

---
[1] The last four (4) digits of the Debtor's federal identification number are 2937. The Debtor's principal place of business is located at 3680 Grandview Parkway, Suite 200, Birmingham, Alabama 35243.

{BH046037.2}

## Background

1. On July 22, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On August 25, 2010, this Court entered an order authorizing the retention of Jones Walker as Counsel to the Debtor, *nunc pro tunc* to July 22, 2010 (the "Retention Order"). The Retention Order authorized Jones Walker to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and Its Source

3. All services for which compensation is requested by Jones Walker were performed for or on behalf of the Debtor.

4. Except to the extent of the retainer paid to Jones Walker as described in the application seeking approval of Jones Walker's employment by the Debtor during the period covered by this Application, Jones Walker has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Jones Walker and any other person other than the directors of Jones Walker for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

5. The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney for this period. To the best of Jones Walker's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

## Actual and Necessary Expenses

6. Jones Walker has no expenses during the Compensation Period. Pursuant to the Delaware Bankruptcy Court's local rules, Jones Walker will charge $0.10 per page for copying services. Jones Walker also charges $1.00 per page for out-going long-distance facsimile transmissions. No expense is charged for incoming and local facsimiles. Actual long-distance carrier charges for long distance telephone calls are charged to the client.

7. Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), Jones Walker charges all of its clients a flat hourly rate based on negotiated costs from vendors but in accordance with local rules shall not be more than actual cost.

8. Jones Walker believes the foregoing rates are the market rates that the majority of law firms charges clients for such services. In addition, Jones Walker believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges and in conformity with the Local Rules for the United States Bankruptcy Court for the District of Delaware (effective February 1, 2010).

## Summary of Services Rendered

9. The partners of Jones Walker who have rendered professional services in this case are as follows: Hugh C. Nickson and Michael D. Waters.

10. Jones Walker, by and through the above-named persons, has prepared and/or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

## Summary of Services By Project

11. The services rendered by Jones Walker during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. The attorneys who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit B attached hereto.

    A.    Case Administration/Miscellaneous Matters

        Fees: $        Total Hours: 0

This category includes all matters related to filing documents with the Court, service thereof, maintenance of calendars, communications with the U.S. Trustee, review of work in process reports, review of notices of appearance and maintaining service lists.

    B.    Creditor Inquiries

        Fees: $       Total Hours: 0

This category includes all matters related to responding to creditor inquiries.

C.  Meetings

   Fees: $               Total Hours: 0

   This category includes all matters related to preparing for and attending meetings with the Debtor, any creditors' committees, individual creditors, the U.S. Trustee and co-counsel.

D.  Executory Contracts/Unexpired Leases

   Fees: $               Total Hours: 0

   This category includes all matters related to contract and lease analysis and matters related to assumption, assignment or rejection of executory contracts and unexpired leases.

E.  Automatic Stay/Adequate Protection

   Fees: $               Total Hours: 0

   This category includes all matters related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

F.  Plan of Reorganization/Disclosure Statement

   Fees: $1,882.50      Total Hours: 5.75

   This category includes all matters related to review, formulation, negotiation, preparation and promulgation of plans of reorganization, disclosure statements, and related corporate documentation and research relating thereto.

G.  Use, Sale, Lease of Assets

   Fees: $               Total Hours: 0

   This category includes all matters relating to acquisitions, dispositions and other postpetition uses of property of the estate.

H.  Cash Collateral/DIP Financing

Fees: $                Total Hours: 0

This category includes all matters relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues and related pleadings.

I.  Claims Administration

Fees: $                Total Hours: 0

This category includes all matters related to and including claims administration matters and bar date matters, including claims objections and related contested matters.

J.  Court Hearings

Fees: $                Total Hours: 0

This category includes all matters relating to preparation for and attendance at court hearings.

K.  General Corporate/Real Estate

Fees: $                Total Hours: 0

This category includes all matters relating to transactional, corporate governance and related matters involving the debtors' business operations that are not part of a plan of reorganization or disclosure statement.

L.  Schedules/SOFA/U.S. Trustee Reports

Fees: $                Total Hours: 0

This category includes preparation of schedules and amendments, statements of financial affairs and amendments, operating reports and other reports required by the U.S. Trustee or Bankruptcy Court.

M. <u>Employee Issues</u>

Fees: $	Total Hours: 0

This category includes all matters related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

N. <u>Environmental</u>

Fees: $	Total Hours: 0

This category includes all environmental matters, other than environmental aspects of plan of reorganization.

O. <u>Tax Issues</u>

Fees: $	Total Hours: 0

This category includes all federal and state income, property, employment, excise and other tax matters, other than the tax aspects of plan of reorganization.

P. <u>Litigation/Adversary Proceedings</u>

Fees: $5,737.20	Total Hours: 14.35

This category includes all matters relating to litigation, regulatory and adversary proceedings.

Q-1. <u>Jones Walker Applications</u>

Fees: $	Total Hours: 0

This category includes all matters related to preparing applications to retain Jones Walker and supplements thereto.

Q-2. <u>Retention of Others</u>

Fees: $	Total Hours: 0

This category includes time spent reviewing applications for retention by other professionals, objecting to the retention of other professionals and assisting other professionals with preparing and filing retention applications.

 R-1. <u>Jones Walker Fee Application</u>

  Fees: $    Total Hours: 0

This category includes all time spent preparing, reviewing, filing, circulating and/or relating to monthly invoices and fee applications for Jones Walker.

 R-2. <u>Fee Application of Others</u>

  Fees: $    Total Hours: 0

This category includes time spent reviewing invoices or applications of other professionals, objecting to fees of other professionals and assisting other professionals with filing and circulating monthly invoices and applications.

 S. <u>Vendor/Supplies</u>

  Fees: $    Total Hours: 0

This category includes all matters related to vendors and suppliers, including reclamation issues.

 T. <u>Non-Working Travel</u>

  Fees: $    Total Hours: 0

This category includes all travel time not otherwise chargeable.

 U. <u>Utilities</u>

  Fees: $    Total Hours: 0

This category includes all matters related to utility issues.

V.  Insurance

   Fees: $             Total Hours: 0

   This category includes all matters related to insurance policies or coverage.

W.  Preference Actions

   Fees: $             Total Hours: 0

   This category includes all matters relative to the preparation, commencement and prosecution of preference adversary actions.

## Valuation of Services

12. Attorneys of Jones Walker have expended a total of 20.1 hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Hugh C. Nickson | 4.96 | $300 |
| Michael D. Waters | 15.14 | $405 |

| PARAPROFESSIONALS | HOURS | HOURLY RATE |
|---|---|---|

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto. These are Jones Walker's normal hourly rates for work of this character. The reasonable value of the services rendered by Jones Walker to the Debtor during the Compensation Period is $7,619.70.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jones Walker is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jones Walker has reviewed the

requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jones Walker respectfully requests that the Court authorize that for the period July 22, 2010 through July 31, 2010, an allowance be made to Jones Walker pursuant to the terms of the Administrative Order, with respect to the sum of $7,619.70 as compensation for necessary professional services rendered, (80% of which equals $6,095.76), and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: November 2, 2010
Birmingham, Alabama

Respectfully submitted,

/s/ Michael D. Waters

Michael D. Waters
JONES WALKER WAECHTER, POITEVENT
 CARRERE & DENEGRE, LLP
1100 One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-5210
Facsimile: (205) 244-5410

*Counsel for Debtor
and Debtor in Possession*

# VERIFICATION

STATE OF ALABAMA ) 
                                  ) SS: 
COUNTY OF JEFFERSON )

Michael D. Waters, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant firm, Jones, Walker, Waechter, Poitevent, Carrère & Denègre, LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the Debtor by the lawyers in the firm.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such rule.

_____
Michael D. Waters

SWORN AND SUBSCRIBED before me
this 2nd day of November, 2010.

_____
Notary Public
My Commission Expires: 9-24-2014