IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                                          :   Chapter 11
                                                               :
NEXITY FINANCIAL CORPORATION,[1]                               :   Case No. 10-12293 (KJC)
                                                               :
         Debtor.                                               :
                                                               :   Objection Deadline: June 22, 2011 at 4:00 p.m. (EDT)
                                                               :   Hearing Date: June 29, 2011 at 2:30 p.m. (EDT)
                                                               :
---------------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT
TO SECTIONS 105(a) AND 1112(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 1017(f), CONVERTING ITS CHAPTER 11
CASE TO CASE UNDER CHAPTER 7 AS OF JUNE 30, 2011**

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 1112(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) converting its chapter 11 case (the "Chapter 11 Case") to proceedings under chapter 7 of the Bankruptcy Code as of June 30, 2011 (the "Conversion Date") and (ii) directing the Office of the United States Trustee (the "U.S. Trustee") to appoint a chapter 7 trustee. In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1.       This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four (4) digits of the Debtor's federal identification number are 2937. The Debtor's principal place of business is located at 3680 Grandview Parkway, Suite 200, Birmingham, Alabama 35243.

2. The statutory predicates for the relief requested herein are set forth in sections 105(a) and 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(f).

**GENERAL BACKGROUND**

3. On July 22, 2010 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request for appointment of a chapter 11 trustee or examiner has been made and, as of the date hereof, no official committee has been appointed.

5. The Debtor was the holding company for Nexity Bank. As such, the Debtor is regulated by the Federal Reserve Board as a bank holding company under the Bank Holding Company Act of 1956. Nexity Bank was headquartered in Birmingham, Alabama with additional correspondent banking offices in Atlanta, Georgia; Myrtle Beach and Columbia, South Carolina; Dallas, Texas; Orlando, Florida; Milwaukee, Wisconsin; and Charlotte and Raleigh, North Carolina.

6. Nexity Bank was an Alabama state-chartered bank that is not a member of the Federal Reserve System. Its primary regulators were the Federal Deposit Insurance Corporation (the "FDIC") and the Alabama State Banking Department (the "Alabama Banking Department"). Nexity Bank conducted deposit business in all 50 states in the United States and conducted loan business primarily in the southeastern United States and Texas.

7. A description of the Debtor's corporate structure and business and the events leading to the Chapter 11 case are set forth in the *Declaration of Greg L. Lee in Support*

2

*of Debtor's Chapter 11 Petition and Request for First Day Relief* (the "First Day Declaration"), filed on the Petition Date.

## SPECIFIC BACKGROUND

8. On July 22, 2010, the Debtor's filed the *First Amended Prepackaged Plan of Reorganization of Nexity Financial Corporation Under Chapter 11 of the Bankruptcy Code* [Docket No. 7] (the "Prepackaged Plan") and *Disclosure Statement Relating to the Prepackaged Plan of Reorganization of Nexity Financial Corporation Under Chapter 11 of the Bankruptcy Code* [Docket No. 8] (the "Disclosure Statement"). As set forth in the *Certification of Drew G. Sloan of Richards, Layton & Finger, P.A. With Respect to the Tabulation of Votes on the First Amended Prepackaged Plan of Reorganization of Nexity Financial Corporation Under Chapter 11 of the Bankruptcy Code*, the Prepackaged Plan was accepted by all classes entitled to vote in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code. A combined hearing to consider (i) approval of the Disclosure Statement, (ii) the prepetition solicitation of votes on the Prepackaged Plan and (iii) confirmation of the Prepackaged Plan was originally scheduled for August 27, 2010 and has been adjourned from time to time to accommodate the difficulties experienced in connection with the NFC Stock Offering (as defined herein).

9. The Prepackaged Plan was predicated on the offering of up to 800 million shares of the Debtor's common stock on a private placement basis (the "NFC Stock Offering"), exempt from the registration requirement of the Securities Act of 1933, as amended. The NFC Stock Offering and the other restructuring transactions contemplated in the Prepackaged Plan were part of an overall effort to deleverage the Debtor and provide necessary additional working capital to Nexity Bank. Pursuant to the NFC Stock Offering, the Debtor sought to raise at least

3

$175 million in new capital that would be used to make the distributions contemplated under the Prepackaged Plan, pay the costs and expenses associated with the Chapter 11 Case and the transactions related to the recapitalization, support the Debtor's ongoing working capital needs and contribute the urgently needed capital to the Debtor and Nexity Bank.

10. Notwithstanding months of discussions with and conducted due diligence by prospective investors, the Debtor has been unable to raise the $175 million in new capital through the NFC Stock Offering necessary to consummate the Prepackaged Plan. Accordingly, on April 15, 2011, the Alabama Banking Department closed Nexity Bank for failing to address its capital impairment issues within the timeframe required by the superintendent of the Alabama Banking Department. The Alabama Banking Department appointed the Federal Deposit Insurance Corporation (the "FDIC") as the receiver. To protect the depositors of Nexity Bank, the FDIC entered into a purchase and assumption agreement with AloStar Bank of Commerce, Birmingham, Alabama, a newly-chartered bank, to assume all of the deposits of Nexity Bank. The sole branch of Nexity Bank reopened on April 18, 2011 as a branch of AloStar Bank of Commerce.

11. Given the failure of Nexity Bank, the Prepackaged Plan is no longer feasible and the Debtor believes that it is appropriate to convert the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

## RELIEF REQUESTED

12. By this Motion, the Debtor respectfully requests that the Court enter an order, pursuant to sections 105(a) and 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(f), converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code as of the Conversion Date and directing the U.S. Trustee to appoint a chapter 7 trustee for the Debtor.

## Basis for Relief Requested

13. Under section 1112(a) of the Bankruptcy Code, the Debtor has the absolute right to convert its chapter 11 bankruptcy case to case under chapter 7. See In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (section 1112(a) "gives the debtor an absolute right to convert"). The Debtor hereby seeks to convert it's the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

14. . The Debtors submits that conversion of the Chapter 11 Case is appropriate given its inability to confirm the Prepackaged Plan. Indeed, with the closing of Nexity Bank, the Debtor has no remaining ability to reorganize. Moreover, the Debtor does not believe that the value of its remaining assets (a cash account consisting of approximately $812,000) is of a sufficient level to fund the drafting and solicitation of a chapter 11 liquidating plan, or to make any distributions to creditors thereunder. Accordingly, the Debtor respectfully submits that a chapter 7 liquidation is the only practical avenue remaining for the orderly liquidation and distribution of the Debtor's remaining assets.

15. The Debtor requests that the conversion be effective as of June 30, 2011, in order to allow the Debtor sufficient time to permit an orderly transition into chapter 7, and thereby avoiding any inefficiencies and disruptions that could be caused by too abrupt a changeover to chapter 7.

16. The Debtor believes that the conversion of its Chapter 11 Case to a case under chapter 7 is in the best interests of its estates, creditors, and all parties in interest.

## Notice

17. No trustee, examiner or statutory creditors' committee has been appointed in this Chapter 11 Case. The Debtor proposes to provide notice of this Motion to (i) the U.S. Trustee (ii) all parties that have timely filed requests for notice under Bankruptcy Rule 2002 and

(iii) all other creditors of the Debtor's estate. In light of the nature of the relief requested, the Debtor respectfully submits that no other or further notice need be given.

## No Prior Request

18. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the Court to enter an order, substantially in the form attached hereto as Exhibit A, (i) converting the Debtor's Chapter 11 Case to case under chapter 7 of the Bankruptcy Code as of the Conversion Date, (ii) directing the U.S. Trustee to appoint a chapter 7 trustee for the Debtor, and (iii) granting such other and further relief to the Debtor as this Court deems just and proper.

Dated: May 20, 2011
       Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

*Counsel for the Debtor and Debtor in Possession*