# UNITED STATES BANKRUPTCY COURT

In re Nexity Financial Corporation
                Debtor

Case No. 10-12293 (KJC)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11 or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | N/A | | |
| B - Personal Property | | | $817,030.62 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $14,370,241.05 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 45 | | unknown | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | $22,000,000 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | No | | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| TOTAL | | | $817,030.62 | $39,370,241.00 | |

**Nexity Financial Corporation**

**Statement of Limitations, Methodology and Disclaimer
Regarding the Debtor's Schedules and Statements**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Nexity Financial Corporation (the "Debtor") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") have been prepared pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtor with the assistance of its court-authorized advisors and are unaudited. Although management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist. Because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 11 case (the "Chapter 11 Case"), including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. This Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules and Statements (the "Statement of Limitations") is incorporated by reference in, and comprises an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

Agreements Subject to Confidentiality. There may be instances within the Schedules and Statements where certain information has intentionally been revised and/or redacted due to concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. The revisions will be limited to only what is necessary to protect the Debtor or third party and will provide interested parties with sufficient information to discern the nature of the listing.

Amendment. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend and/or supplement the Schedules and Statements as is necessary and appropriate.

Causes of Action. Despite its reasonable efforts to identify all known assets, the Debtor may not have set forth all of its causes of action or potential causes of action against third parties as assets in its Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtor reserves all of its rights with respect to any claims, causes of action or avoidance actions it may have and neither this Statement of Limitations nor the Schedules and Statements shall be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claims.

**Claims Designations.** Any failure to designate a claim on the Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated." The Debtor reserves the right to dispute any claim reflected on its Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

**Net Book Value of Assets.** Unless otherwise indicated, the Debtor's assets and liabilities are shown on the basis of its net book value rather than current market values. As a result, amounts ultimately realized may vary from net book value and such variance may be material. Exceptions to this include cash in financial accounts. Attempts to obtain current market valuations of assets would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets and, as a result, have not been attempted in connection with the preparation of the Schedules and Statements.

**Excluded Assets and Liabilities.** The Debtor has excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill and deferred gains. Other immaterial assets and liabilities may also have been excluded.

**Foreign Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars. Transactions denominated in foreign currency have been converted to U.S. dollars as of the applicable date of the transaction.

**Insiders.** The Debtor has included all payments made over the 12 months preceding the Petition Date to any individual deemed an "insider." Insiders are defined as individuals who served as either Officers or Directors of any of the Debtor in the 12 months immediately preceding the commencement of the Chapter 11 Case.

**Schedule D – Creditors Holding Secured Claims.** Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtor reserves its right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in this Statement of Limitations or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims.** Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts, however, are reflected on the Debtor's books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the July 22, 2010 (the "Petition Date"). The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each claim listed on Schedule F.

**Schedule G – Executory Contracts.** Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or overinclusion may have occurred. The Debtor hereby reserves all of its rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Also, Schedule G contains all of the Debtor's executory contracts and agreements as of the Petition Date. It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date. The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtor that such contract or agreement is an executory contract or unexpired lease.

**Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

In re:   **Nexity Financial Corporation**          Case No.      **10-12293 (KJC)**
                   **Debtor**                                          **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| N/A | | | | |
| | | Total ➔ | $0 | |

(Report also on Summary of Schedules)

In re: **Nexity Financial Corporation**      Case No.    **10-12293 (KJC)**
           **Debtor**                                               **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None " If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community " If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt

**Do not list interests in executory contracts and unexpired leases on this schedule,. List them in Schedule G - Executory Contracts and Unexpired Leases**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property " If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as :A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account at Nexity Bank (held by FDIC following bank closure) | | $812,030.62 (as of April 15, 2011) |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles | X | | | |
| 6. Wearing apparel | X | | | |
| 7. Furs and jewelry | X | | | |
| 8. Firearms and sports, photographic and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer | X | | | |

In re:   **Nexity Financial Corporation**                    Case No._____**10-12293 (KJC)**_____
                         Debtor                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 USC § 530(6)(1) or under a qualified State tuition plan as defined in 26 U S C § 529(b)(1) Give particulars. (File separately the record(s) of any such interest(s). 11 U S C § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 25,000 shares in Metro Bancshares, Inc. (see attached Exhibit B-13)  Interest in subsidiary Nexity Financial Services | | Unknown  $5,000 (based on depreciated value of assets) |
| 14  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or maybe entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A -- Real Property | X | | | |
| 20  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22 Patents copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general | X | | | |

In re:   **Nexity Financial Corporation**                        Case No.          **10-12293 (KJC)**
                  **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| intangibles. Give particulars. | | | | |
| 24  Customer lists or other compilations containing personally identifiable information (as defined in 11 U S C § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories | X | | | |
| 26. Boats motors, and accessories | X | | | |
| 27. Aircraft and accessories | X | | | |
| 28. Office equipment furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X X | | | |
| 32. Crops - growing or harvested.  Give particulars | | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |
| | \_\_\_\_ Continuation sheets attached         Total ➔ (Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.) | | | $817,030.62 |

In re:  **Nexity Financial Corporation**          Case No.    **10-12293 (KJC)**
                    **Debtor**                                      **(If known)**

## SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption
(Check one box)                                                          that exceeds $146,450.
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| N/A | | | |

In re: __Nexity Financial Corporation__      Case No._____10-12293 (KJC)_____
                __Debtor__                             (If known)

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**<br><br>**Bank of America as successor to LaSalle Bank National Assoc.<br>1 Federal Street<br>Mail Stop MA5-503-05-08<br>Boston, MA 02110<br>ATTN: Thomas J. Flanagan** | | | **Revolving loan dated December 18, 2007**<br><br>**Security interest in 513 shares of Nexity Bank**<br><br><br>VALUE $ | | | | **$14,370,241.05**[1] | **$14,370,241.05 (based on closure of Nexity Bank)** |
| **ACCOUNT NO.** | | | <br><br><br>VALUE $ | | | | | |
| **ACCOUNT NO.** | | | <br><br><br>VALUE $ | | | | | |
| **ACCOUNT NO.** | | | <br><br><br>VALUE $ | | | | | |
| ____ continuation sheets attached | | | Subtotal ▶<br>(Total of this page) | | | | **$14,370,241.05** | **$14,370,241.05** |
| | | | Total ▶<br>(Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules). | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

_____

[1] Pursuant to an Accord and Satisfaction Agreement, dated as of May 28, 2010 the secured lender agreed to accept a cash payment of $3,820,500 in full satisfaction of its loan, subject to the terms and conditions set forth therein. The contemplated cash payment was never made.

In re:   **Nexity Financial Corporation**                          Case No._____**10-12293 (KJC)**_____
                          **Debtor**                                                                    **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total amounts not entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re:　__Nexity Financial Corporation__　　　　　　　　Case No._____10-12293 (KJC)_____
　　　　　　　　　__Debtor__　　　　　　　　　　　　　　　　　　　　　__(If known)__

☐　　**Certain farmers and fishermen**

　　　Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐　　**Deposits by individuals**

　　　Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑　　**Taxes and Certain Other Debts Owed to Governmental Units**

　　　Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☑　　**Commitments to Maintain the Capital of an Insured Depository Institution**

　　　Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐　　**Claims for Death or Personal Injury While Debtor Was Intoxicated**

　　　Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*　*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____ continuation sheets attached

In re: __Nexity Financial Corporation__      Case No._____10-12293 (KJC)____
                 __Debtor__                                     (If known)

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITORS NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**<br><br>**State of Alabama Dept. of Revenue 50 North Ripley St. Montgomery, AL 36132** | | | 12/31/08 Excise Tax (see attached Exhibit E) | X | X | X | **Total Assessed - $339,129.27** | Unknown | Unknown |
| **ACCOUNT NO.**<br><br>**State of Alabama Dept. of Revenue 50 North Ripley St. Montgomery, AL 36132** | | | 12/31/07 Excise Tax (see attached Exhibit E) | X | X | X | **Total Assessed - $530,717.83** | Unknown | Unknown |
| **ACCOUNT NO.**<br><br>**FDIC c/o Darrell W. Clark Stinson Mornson Hecker LLP 1150 18th St, NW Suite 800 Washington, DC 20036** | | | 507(a)(9) claim per 5/20/11 stipulation | | | | $13,060,000[1] | $13,060,000 | $13,060,000 |
| **ACCOUNT NO.**<br><br> | | | | | | | | | |
| **ACCOUNT NO.**<br><br> | | | | | | | | | |

Sheet no.____ of ____ continuation sheets attached to Schedule of Creditors Holding Priority Claims

                  Subtotals ▶      $      Unknown      Unknown
(Totals of this page)

Total ▶    $
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

Totals ▶    Unknown    Unknown
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

---

[1]   Amount represents Capital Maintenance Claim of $13,560,000 minus agreed payment of $500,000 on account of administrative claim under section 365(o).



# State of Alabama
# Department of Revenue

(www.revenue.alabama.gov)
50 North Ripley Street
Montgomery, Alabama 36132

Letter Id: L0881907584

**CYNTHIA UNDERWOOD**
Assistant Commissioner

**MICHAEL E. MASON**
Deputy Commissioner

## NOTICE OF PRELIMINARY ASSESSMENT

Mailing Address:

Billing ID: 13403372809R

NEXITY FINANCIAL CORPORATION
3680 GRANDVIEW PKWY STE 200
BIRMINGHAM, AL 35243-3326

STATE OF ALABAMA
vs.
NEXITY FINANCIAL CORPORATION
3680 GRANDVIEW PKWY
BIRMINGHAM, AL 35243-3326

Type of Tax: Financial Inst. Excise Tax
Taxpayer Identification #: 63-1222937
Taxable Year/Form Year: 2009
Tax Period(s): FY(s) ending 12/31/2008

Account #: FIE-0631222937
Form(s): ET1, ET1C

Under the provisions of §40-2A-7(b)(1)a, Code of Alabama 1975, the Department of Revenue
has determined the following amount to be due for the liability described above:

| | |
|---|---|
| Tax | $313,738.00 |
| Interest | $25,391.27 |
| Amount Now Due | $339,129.27 |

If you are not in agreement with this assessment, you may file a written petition for review with
the Department setting out your specific objections to the Preliminary Assessment. The petition
must be filed within thirty days of the date the assessment is entered. See the enclosed
explanation of your appeal rights.

STATE OF ALABAMA, DEPARTMENT OF REVENUE

Date Entered: June 14, 2011

By: _____

Director, Individual and Corporate Tax Division

# Preliminary Assessment Appeal Rights
## Code of Alabama 1975, 40-2A-4(a)(2)

If you do not agree with this preliminary assessment, the Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act guarantees you certain rights to appeal this assessment. If you intend to appeal this preliminary assessment, you must do so within thirty (30) calendar days from the date of issuance.

In order to appeal a preliminary assessment, you must file a written "petition for review" with the Department of Revenue. To file a petition for review you must do one of the following:

1. Complete a petition for review form (if this form is not enclosed you may download it by logging onto the Department's Web site at www.revenue.alabama.gov/incometax/generaltaxforms.htm select Form IT: FA4, Petition for Review of Preliminary Assessment or you may request one by calling the telephone number shown on the assessment or by visiting one of the Department's taxpayer service centers); or
2. Prepare a statement which contains your name, address, telephone number, type of tax, tax period being appealed, and a brief statement explaining your objection to the assessment.

If you have any supporting documentation which you believe substantiates your objection(s), please attach that information to either the petition for review form or to your prepared statement and forward to the address shown on the assessment.

The information you provide will then be processed and reviewed. Based on this review, the Department may adjust the preliminary assessment or schedule a conference between you and the appropriate staff to further discuss your objection(s).

If you request a conference or if the Department deems a conference necessary, you will be notified of a date and time to appear and present your objection(s). Likewise, if the Department adjusts your assessment you will receive written notification of such adjustments.

If you do not file a petition for review within the thirty (30) day period, the Department will enter a final assessment. Also, the Department may enter a final assessment if, after a conference or review, it is determined that the assessment should be upheld in whole or in part. If it becomes necessary to enter a final assessment, you will be notified in writing and advised of your appeal rights which apply at that time.

If you do not wish to appeal this preliminary assessment, your payment should be attached and forwarded by mail to the address shown on the assessment.

ELECTRONIC PAYMENT OPTION: Payments may be made Online through the Department's website www.revenue.alabama.gov/efiling.htm, or by calling 1-800-828-1727 toll free. This is a free service. Do not mail payment voucher if payment is made electronically.
You may also use Discover/Novus, MasterCard, Visa or American express card to pay this liability by calling 1-800-2PAY-TAX or on the Internet at <www.officialpayments.com> (click on the "payment center" link.) When using this method, it will be necessary to know the Alabama Jurisdiction Code, which is 1101. There is a convenience fee for this service. The fee is based on the amount of your tax payment and is paid directly to Official Payments Corporation.

Important: If you have any questions, please direct them to the telephone number shown on the enclosed voucher.

# PETITION FOR REVIEW OF PRELIMINARY ASSESSMENT

NEXITY FINANCIAL CORPORATION
3680 GRANDVIEW PKWY
BIRMINGHAM, AL 35243-3326

Type of Tax: Financial Inst. Excise Tax
Period Covered  FY(s) ending
12/31/2008

Total Amount Assessed $339,129.27

Telephone # _____

Taxpayer ID Number 63-1222937

1. Explain below the reason(s) why you disagree with the Preliminary Assessment entered by the Department of Revenue. (Attach additional sheets as necessary.)

_____

_____

_____

2. If you have additional evidence or information which will support your objections to the Preliminary Assessment, please indicate that here, and attach photocopies if possible.
_____ Additional Evidence or Information Attached.

3. Do you wish to schedule a conference during which you may present your position to the Department? (If you mark yes, you will be notified in writing of a date and time for a conference.)
_____ Yes  _____ No

I disagree with the Preliminary Assessment issued against me for the reason(s) detailed above and hereby file this Petition for Review, as provided by Section 40-2A-7(b)(4), Code of Alabama 1975.

_____          _____
Signature of Taxpayer or Representative                    Date

_____
Title

_____          _____
Signature of Joint Taxpayer or Representative              Date

*NOTE: If this is an appeal by a corporation, an authorized officer must sign*
*an appeal by a partnership requires the signature of a partner.*

This form must be completed and mailed or faxed to the address below within thirty calendar days of the date shown on the Preliminary Assessment.

State of Alabama
Individual and Corporate Tax Division
Consolidated Business Tax Compliance Unit
PO Box 327439
Montgomery, AL 36132-7439

## Reasons and Explanations for Tax, Interest, and Penalties
### (As required by §40-2A-4(a)(3))

**Tax** - You underpaid your tax liability as reported on your tax return. The tax due as reported, the amounts you paid, and the balance due are shown on the face of this notice.

**Interest** - You failed to pay your tax liability by the due date. Accrued interest was computed at the legal rate, as required by §40-1-44(a).

The balance shown on this letter will be valid until 15-Jun-2011. If the amount is paid in full prior to this date, no additional interest will be added. If not paid in full prior to this date then additional interest will be added.

Please cut off and return with payment

**RV-1**

NEXITY FINANCIAL CORPORATION
ID:                          0631222937

Voucher Type:              Billing Payment

Tax Type:                          FIE
Control:                    13403372809R

**Mail Payment to:**
Alabama Department of Revenue
Individual and Corporate Tax Division
Consolidated Business Tax Compliance
Unit
PO Box 327439
Montgomery, AL 36132-7439
Phone: 334-353-9448
Fax: 334-242-9359

Amount Due:                  $339,129.27



# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

Taxpayer Name: Nexity Financial Corporation & Subsidiaries
Address: 3690 GRANDVIEW PARKWAY, SUITE 200
City, State, Zip: BIRMINGHAM, AL 35243

Examiner(s): B Offord
Date: 06/16/11
Federal ID Number: 63-1222957

CYOB EY09

| Ref. | | Nexity Financial Corporation | Nexity Financial Services Inc | Nexity Bank | Nexity Investments Inc | Nexity Insurance Inc | Nexity Portfolio Management Group Inc | |
|---|---|---|---|---|---|---|---|---|
| | 1. NET INCOME (as last determined) | (1,845,903) | (603,966) | (26,795,753) | 16,930,220 | 0 | 16,910 | |
| | 2. Adjustments | | | | | | | |
| | 3. CORRECTED INCOME (before NOL deduction) | (1,845,903) | (603,966) | (26,795,753) | 16,930,220 | | 18,910 | |
| | 4. Net Business (Income)/Loss | | | | | | | |
| | 5. Appportionable Income | (1,845,903) | (603,966) | (26,755,753) | 16,930,220 | | 18,910 | |
| 3,4 | 6. Income Apportionment Factor | 32.0016009% | 0.000000% | 37.8412009% | 100.000000% | 0.000000% | 100.000000% | |
| | 7. Income Apportioned to Alabama | (590,389) | 0 | (10,124,698) | 16,930,220 | 0 | 18,910 | |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | | | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | (590,686) | 0 | (10,124,698) | 16,930,220 | 0 | 18,910 | |
| 5 - 7 | 10. Federal Income Tax Deduction (Refund) | 0 | 0 | 0 | 1,403,588 | 0 | 1,402 | |
| | 11. Alabama Income Before Net Operating Loss (NOL) | (590,686) | 0 | (10,124,698) | 15,526,622 | 0 | 16,508 | |
| | 12. Net Operating Loss Deduction (as last determined) | | | | | | | |
| 8 | 13. NOL allocated from parent | 590,686 | (222) | (469,505) | (190,961) | 0 | (8) | |
| | 14. Alabama NOL Deduction | (0) | (222) | (469,505) | (190,961) | 0 | (8) | |
| | 15. CORRECTED TAXABLE INCOME | (0) | (222) | (10,594,203) | 15,985,671 | 0 | 15,500 | 4,826,746 |
| | 16. EXCISE TAX DUE AT 6.5% | | | | | | | 313,738 |
| | 17. Less Credits (as last determined) | | | | | | | 0 |
| | 18. Adjustments to Credits | | | | | | | |
| | 19. NET TAX DUE | | | | | | | 313,738 |
| | 20. Less Net Amounts Previously Paid | | | | | | | |
| | 21. BALANCE OF TAX (OR REFUND) DUE | | | | | | | 313,738 |
| | 22. Plus Penalty | | | | | | | |
| 9 | 23. Plus Interest (Computed to 06/16/2011) | | | | | | | 25,391 |
| | 24. Total Due (or Refund) Each Year | | | | | | | |
| | 25. GRAND TOTAL AMOUNT OR (REFUND) DUE | | | | | | | 339,130 |

Printed 6/14/2011

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

Taxpayer Name: **Nexity Financial Corporation & Subsidiaries**
Address: **3650 GRANDVIEW PARKWAY, SUITE 200**
City, State, Zip: **BIRMINGHAM, AL 35243**

Examiner: **B Offord**
Date: **06/15/11**
Federal ID Number: **63-1222937**

**CY09 EY10**

| Ref. | | Nexity Financial Corporation | Nexity Financial Services Inc | Nexity Bank | Nexity Investments Inc | Nexity Insurance Inc | Nexity Portfolio Management Group Inc |
|---|---|---|---|---|---|---|---|
| 1. | NET INCOME (as last determined) | (2,895,192) | (422,654) | (55,697,015) | NF | | NF |
| 2. | Adjustments | | | | | | |
| 3. | CORRECTED INCOME (before NOL deduction) | (2,895,192) | (422,654) | (55,697,015) | 0 | 0 | 0 |
| 4. | Net Non Business (Income)/Loss | | | | | | |
| 5. | Apportionable Income | (2,895,192) | (422,654) | (55,697,015) | 0 | 0 | 0 |
| 6. | Alabama Apportionment Factor | 39.50900% | 0.00000% | 28.53530% | 100.000000% | 0.0000000% | 100.000000% |
| 7. | Income Apportioned to Alabama | (953,764) | 0 | (15,946,007) | 0 | 0 | 0 |
| 8. | Net Non Business Income/(Loss) allocated to Alabama | | | | | | |
| 9. | Alabama Income Before Federal Income Tax Deduction | (953,764) | 0 | (15,946,007) | 0 | 0 | 0 |
| 10. | Federal Income Tax Deduction (Refund) | 0 | 0 | 0 | 0 | 0 | 0 |
| 11. | Alabama Income Before Net Operating Loss (NOL) | (953,764) | 0 | (16,946,007) | 0 | 0 | 0 |
| 12. | Net Operating Loss Deduction (as last determined) | | | | | | |
| 13. | Adjustment to NOL deduction | | | | | | |
| 14. | Alabama NOL Deduction | | | | | | |
| 15. | CORRECTED TAXABLE INCOME | 0 | 0 | 0 | 0 | 0 | 0 |
| 16. | EXCISE TAX DUE AT 6.5% | 0 | 0 | 0 | 0 | 0 | 0 |
| 17. | Less Credits (as last determined) | 0 | 0 | 0 | 0 | 0 | 0 |
| 18. | Adjustments to Credits | | | | | | |
| 19. | NET TAX DUE | 0 | 0 | 0 | 0 | 0 | 0 |
| 20. | Less Net Amounts Previously Paid | | | | | | |
| 21. | BALANCE OF TAX (OR REFUND) DUE | 0 | 0 | 0 | 0 | 0 | 0 |
| 22. | Plus Penalty | | | | | | |
| 23. | Plus Interest (Computed to 06/15/2011) | | | | | | |
| 24. | Total Due (or Refund) Each Year | | | | | | |
| 25. | GRAND TOTAL AMOUNT OR (REFUND) DUE | 0 | 0 | 0 | 0 | 0 | 0 |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Explanation of Adjustments

| Taxpayer | | |
|---|---|---|
| Nexity Investments | 20-5889194 | Page 3 |

**(A)**

| | | Year 12/31/2008 | Year 12/31/2009 | |
|---|---|---|---|---|
| **Alabama Apportionment Factor** | Per Audit | 100% | 0% | |
| | Per Return | 0% | 0% | |
| | ADJUSTMENT | 100% | 0% | |

Facts:
Nexity Investments Inc is an investment company "based" in Nevada. The Department has reviewed information provided by the taxpayer and disagrees that the income from Nexity Investments Inc should be sourced to Nevada. Nexity Bank is based in Birmingham, Alabama. Information provided by the taxpayer includes service provider employees in charge of a significant portion of Nexity Bank's investment assets. These assets must be safeguarded in a manner so that the Bank is fully funded. The Department does not understand how this can be done in Nevada with one part time employee. Information provided to the auditors indicates that prior to the formation of the Nevada "based" investment company, Nexity Bank had in place a Asset Liability Committee (ALCO) as well as a Asset Liability Management policy. Multiple references were made in the board minutes that indicated the investment securites were handled by bank employees. The Department cannot understand how this function could no longer be handled by Bank employees, but is entrusted to a part time Nevada "employee". The Department finds that the propery and payroll in Nevada are insignificant and that utilization of this data in the Alabama apportionment formula unfairly skews the factor. The Department further finds that the income of Nexity Investments Inc should be sourced to Alabama, since the Bank is based in Alabama, and Alabama employees are performing the duties necessary to oversee and maintain the investments of Nexity Bank.

Taxpayer's Position:
Taxpayer believes that even though Nexity is headquartered in Alabama, the income of Nexity Investment Inc. is allocable to Nevada. Nexity Investment Inc does not file a Nevada income tax return, because they are not required to file an income tax return with Nevada. The taxpayer appears to believe, that the income of Nexity Investment Inc. is not subject to tax for state income tax purposes.

Law and Analysis:
Alabama excise tax regulation 810-9-1-.05(2)(g) provides for the employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income.

| Taxpayer | | |
|---|---|---|
| Nexity Portfolio Management Group Inc | 26-1842685 | Page 4 |

**(A)**

| | | Year 12/31/2008 | Year 12/31/2009 | |
|---|---|---|---|---|
| **Alabama Apportionment Factor** | Per Audit | 100% | 0% | |
| | Per Return | 0% | 0% | |
| | ADJUSTMENT | 100% | 0% | |

Facts:

Nexity Portfolio Management Group Inc is a wealth management company "based" in Nevada. However, the entity has no employees. The Department does not understand how Nexity Portfolio Management Group Inc can function as a stand-alone entity with no employees. Since the entity is a subsidiary of Nexity Bank, which is located in Birmingham, Alabama, and Nexity Portfolio Management Group Inc is most likely utilizing employees of the Bank to conduct its wealth management business, the entity should source all of its income to Alabama.


Taxpayer's Position:
Unknown

Law and Analysis:
Alabama excise tax regulation 810-9-1-.05(2)(g) provides for the employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income.

| Taxpayer Nexity Bank | 63-0523669 | Page 5 |
|---|---|---|

**(B)**

**Federal Income Tax Deduction**

**Nexity Investments Inc**

| | Year 12/31/2008 | Year 12/31/2009 | Year |
|---|---|---|---|
| Per Audit | 1,403,598 | 0 | 0 |
| Per Return | 0 | 0 | 0 |
| ADJUSTMENT | 1,403,598 | 0 | 0 |

**Nexity Portfolio Management Group Inc**

| | Year 12/31/2008 | Year 12/31/2009 | Year |
|---|---|---|---|
| Per Audit | 1,402 | 0 | 0 |
| Per Return | 0 | 0 | 0 |
| ADJUSTMENT | 1,402 | 0 | 0 |

Facts:
A federal income tax deduction (FIT) has been computed for Nexity Investments Inc and Nexity Portfolio Management Group Inc. Since the apportionment factors of these taxpayers were increased to 100%, the taxpayers are allowed a federal income tax deduction. Alabama's Financial Institution Tax requires actual payments of federal income tax be taken into account when computing the taxpayer's FIT deduction.

Taxpayer's Position:
Unknown

Law and Analysis:
Alabama Regulation 810-9-1-.01(4)d:
Taxes are deductible only in the year they are paid and only when levied on the taxpayer claiming the deduction.

Alabama Regulation 810-9-1-.01(4)(d)2:
In the case of corporate taxpayers which are members of affiliated groups which file consolidated Federal Income Tax returns, the deductible tax will be allocated and apportioned based upon Alabama Income Tax Rule 810-3-35-.01(3)(c)2, provided that such tax must be paid during the tax year as required by Chapter 16. Allocation and apportionment of income earned within and without this state shall be determined under Chapter 16 and Rule 810-9-1-.02.

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Federal Income Tax Deduction/Refund

## Federal Income Tax Deduction/<Refund>

The federal income tax attributed to this company from the federal consolidated return is computed below in accordance with Reg. 810-3-35-.01(1)(b)3(i).

|  | **CY08 EY09** | | | | | |
|---|---|---|---|---|---|---|
|  | Nexity Financial Corporation | Nexity Financial Services Inc | Nexity Bank | Nexity Investments Inc | Nexity Insurance Inc | Nexity Portfolio Management Group Inc |
| (N) This company's separate federal | 0 | 0 | 0 | 16,930,220 | 0 | 16,910 |
| (D) Total all positive federal | 16,947,130 | 16,947,130 | 16,947,130 | 16,947,130 | 16,947,130 | 16,947,130 |
| This company's percentage [N/D] | 0.0000% | 0.0000% | 0.0000% | 99.9002% | 0.0000% | 0.0998% |
| Consolidated Federal Income Tax (see note above) | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 |
| Federal Income Tax for this company | 0 | 0 | 0 | 1,403,598 | 0 | 1,402 |

| | Nexity Financial Corporation | Nexity Financial Services Inc | Nexity Bank | Nexity Investments Inc | Nexity Insurance Inc | Nexity Portfolio Management Group Inc |
|---|---|---|---|---|---|---|
| 1. Federal Income Tax to be apportioned | 0 | 0 | 0 | 1,403,598 | 0 | 1,402 |
| 2. Alabama Income Before FIT | (590,686) | 0 | (10,124,698) | 16,930,220 | 0 | 16,910 |
| 3. Apportionable Income | (1,845,803) | (603,966) | (26,755,753) | 16,930,220 | 0 | 16,910 |
| 4. Federal Income Tax Ratio (line 2/ line 3) | 0.0000% | 0.0000% | 0.0000% | 100.0000% | 0.0000% | 100.0000% |
| 5. Federal Income Tax apportioned to Alabama | 0 | 0 | 0 | 1,403,598 | 0 | 1,402 |
| 6. Less Refunds or Adjustments | | | | | | |
| 7. Net Federal Income Tax Deduction/<Refund> | 0 | 0 | 0 | 1,403,598 | 0 | 1,402 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Estimated tax payments | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 |
| Payment with 7004 (prior year return) | | | | | | |
| Payment with return (prior year return) | | | | | | |
| Total payments | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 | 1,405,000 |

| FEIN | Name | Positive Income 12/31/08 | Positive Income 12/31/09 |
|------|------|--------------------------|--------------------------|
| 63-1222837 | Nexity Financial Corporation | $0.00 | |
| 01-0906492 | Nexity Financial Services Inc. | $0.00 | |
| 63-0323669 | Nexity Bank | $0.00 | |
| 20-5889194 | Nexity Investments Inc. | $16,930,220.00 | |
| 26-0391444 | Nexity Insurance Inc | $0.00 | |
| 26-1842685 | Nexity Portfolio Management Group | $16,910.00 | |
| | Total | $16,947,130.00 | $0.00 |

RENT CO LOSS ALLOCATION

### 12/31/2003 parent

| | Newby Financial Services Inc. 01-0508492 | Newby Bank 63-0523569 | Newby Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TAL ASSETS OF SEPARATE COMPANY | $ 17,767.00 | $ 522,812,363.00 | $ - | $ 522,830,140.00 |
| TAL ASSETS OF ALL COMPANIES | $ 522,830,140.00 | 522,830,140.00 | 522,830,140.00 | $ 522,830,140.00 |
| RCENTAGE | 0.0034% | 99.9966% | 0.0000% | 100.0000% |
| RRENT YEAR PARENT NOL | 1,870,781 | 1,870,717.35 | 1,870,781.00 | $ 1,870,781.00 |
| MPANY'S SHARE OF NOL | 63.85 | | | |

### 12/31/2004 parent

| | Newby Financial Services Inc. 01-0508492 | Newby Bank 63-0523569 | Newby Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TAL ASSETS OF SEPARATE COMPANY | $ 11,360.00 | $ 610,152,696.00 | $ - | $ 610,164,056.00 |
| TAL ASSETS OF ALL COMPANIES | $ 610,164,056.00 | 610,164,056.00 | 610,164,056.00 | 100.0000% |
| RCENTAGE | 0.0019% | 99.9981% | 0.0000% | |
| RRENT YEAR PARENT NOL | 1,507,308 | 1,507,308.00 | 1,507,308.00 | $ 1,507,308.00 |
| MPANY'S SHARE OF NOL | 28.14 | 1,507,279.86 | - | |

### 12/31/2005 parent

| | Newby Financial Services Inc. 01-0508492 | Newby Bank 63-0523569 | Newby Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TAL ASSETS OF SEPARATE COMPANY | $ 10,646.00 | $ 784,098,224.00 | $ 784,108,870.00 | $ 784,108,870.00 |
| TAL ASSETS OF ALL COMPANIES | $ 784,108,870.00 | 784,108,870.00 | 0.0000% | 100.0000% |
| RCENTAGE | 0.0014% | 99.9986% | | |
| RRENT YEAR PARENT NOL | 874,213 | 874,213.00 | 874,213.00 | $ 874,213.00 |
| MPANY'S SHARE OF NOL | 11.87 | 874,201.13 | | |

### 12/31/2006 parent

| | Newby Financial Services Inc. 01-0508492 | Newby Bank 63-0523569 | Newby Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TAL ASSETS OF SEPARATE COMPANY | $ 9,994.00 | $ 891,874,948.00 | $ 232,118,779.00 | $ 1,124,003,321.00 |
| TAL ASSETS OF ALL COMPANIES | $ 1,124,003,321.00 | 1,124,003,321.00 | 1,124,003,321.00 | 100.0000% |
| RCENTAGE | 0.0009% | 79.3461% | 20.6511% | |
| RRENT YEAR PARENT NOL | 1,152,144 | 914,204.03 | 1,152,144.00 | $ 1,152,144.00 |
| MPANY'S SHARE OF NOL | 9.83 | | 237,930.13 | |

### 12/31/2007 parent

| | Newby Financial Services Inc. 01-0508492 | Newby Bank 63-0523569 | Newby Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TAL ASSETS OF SEPARATE COMPANY | $ 436,103.00 | $ 938,585,237.00 | $ 244,939,080.00 | $ 1,183,963,420.00 |
| TAL ASSETS OF ALL COMPANIES | $ 1,183,963,420.00 | 1,183,963,420.00 | 1,183,963,420.00 | 100.0000% |
| RCENTAGE | 0.0368% | 79.2751% | 20.6881% | |
| RRENT YEAR PARENT NOL | 1,009,708 | 800,447.07 | 1,009,708.00 | $ 1,009,708.00 |
| MPANY'S SHARE OF NOL | 371.92 | | 208,889.01 | |

### 12/31/2008 parent

| | Newby Financial Services Inc. 01-0508492 | Newby Bank 63-0523569 | Newby Investments 20-5889194 | Newby Insurance Inc 26-0391444 | Newby Portfolio Management Group Inc 26-1842585 | TOTALS |
|---|---|---|---|---|---|---|
| TAL ASSETS OF SEPARATE COMPANY | $ 601,648.00 | $ 1,005,923,994.00 | $ 290,220,659.00 | $ - | $ 16,910.00 | $ 1,331,662,651.00 |
| TAL ASSETS OF ALL COMPANIES | $ 1,331,662,651.00 | 1,331,662,651.00 | 1,331,662,651.00 | 1,331,662,651.00 | 1,331,662,651.00 | 100.0000% |
| RCENTAGE | 0.0376% | 77.7916% | 22.1683% | 0.0000% | 0.0013% | |
| RRENT YEAR PARENT NOL | 590,686 | 459,505.12 | 590,686.00 | 590,686.00 | 590,686.00 | $ 590,686.00 |
| MPANY'S SHARE OF NOL | 222.25 | | 130,951.13 | | 7.50 | |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Computation of Interest Due

| Taxpayer | FEIN: | Page |
|---|---|---|
| Nexity Financial Corporation | 63-1222937 | 9 |

|  |  | Year 12/31/2008 | Year 12/31/2009 | Year |
|---|---|---|---|---|
| **Interest to:** | 6/15/2011 | 26,388 | 0 |  |

| | | | Year: | 12/31/03 | |
|---|---|---|---|---|---|
| From Date | To Date | Interest Rate | Tax Amount | | Interest Amount |
| 4/16/2009 | 6/15/2011 | 8.4110% | 313,738 | | 26,388 |
| | | | 0 | | 0 |
| | | | 0 | | 0 |
| | | Totals: | 0 | | 26,388 |

| | | | Year: | 12/31/04 | |
|---|---|---|---|---|---|
| From Date | To Date | Interest Rate | Tax Amount | | Interest Amount |
| | | | 0 | | 0 |
| | | | 0 | | 0 |
| | | | 0 | | 0 |
| | | Totals: | 0 | | 0 |

Prior to June 1, 1981, the interest rate for income tax refunds and underpayments was 6%. Effective June 1, 1981, Section 40-1-44, Code of Alabama 1975, set the interest rate equal to the rate specified by the U. S. Secretary of the Treasury pursuant to I.R.C. Section 6621.



# State of Alabama
# Department of Revenue

(www.revenue.alabama.gov)
50 North Ripley Street
Montgomery, Alabama 36132

JULIE P. MAGEE
Commissioner

CYNTHIA UNDERWOOD
Assistant Commissioner
MICHAEL E. MASON
Deputy Commissioner

May 27, 2011

NEXITY FINANCIAL CORPORATION
3680 GRANDVIEW PKWY STE 200
BIRMINGHAM, AL 35243-3326

Dear Taxpayer:

Please find enclosed a Notice of Preliminary Assessment for the 12/31/2007 Alabama Financial
Institution Excise Tax (2008 Form ET-1) along with a copy of the original audit work papers.
The billings issued on prior periods have since lost statute; therefore, the audit work papers have
been revised to show "statute expired" on the applicable tax periods.

Should you have any further questions, please use the contact information below.

Sincerely,

Brandy Offord, Revenue Examiner
Corporate Income Tax
PO Box 327900
Montgomery, AL 36132-7900
Brandy.Offord@Revenue.Alabama.Gov
Telephone: 334-353-9644
Fax: 334-353-9359



**JULIE P. MAGEE**
Commissioner

# State of Alabama
# Department of Revenue

(www.revenue.alabama.gov)
50 North Ripley Street
Montgomery, Alabama 36132

Letter Id: L0280248192

**CYNTHIA UNDERWOOD**
Assistant Commissioner
**MICHAEL E. MASON**
Deputy Commissioner

## NOTICE OF PRELIMINARY ASSESSMENT

Mailing Address:

Billing ID: 7339121921R

NEXITY FINANCIAL CORPORATION
3680 GRANDVIEW PKWY STE 200
BIRMINGHAM, AL 35243-3326

STATE OF ALABAMA
    vs.
NEXITY FINANCIAL CORPORATION
3680 GRANDVIEW PKWY
BIRMINGHAM, AL 35243-3326

Type of Tax: Financial Inst. Excise Tax
Taxpayer Identification #: 63-1222937
Taxable Year/Form Year: 2008
Tax Period(s): FY(s) ending 12/31/2007

Account #: FIE-0631222937
Form(s): ET1, ET1C

Under the provisions of §40-2A-7(b)(1)a, Code of Alabama 1975, the Department of Revenue
has determined the following amount to be due for the liability described above:

| | |
|---|---|
| Tax | $467,542.00 |
| Interest | $63,175.83 |
| Amount Now Due | $530,717.83 |

If you are not in agreement with this assessment, you may file a written petition for review with
the Department setting out your specific objections to the Preliminary Assessment. The petition
must be filed within thirty days of the date the assessment is entered. See the enclosed
explanation of your appeal rights.

STATE OF ALABAMA, DEPARTMENT OF REVENUE

Date Entered: May 27, 2011

By: _____

Director, Individual and Corporate Tax Division

# Preliminary Assessment Appeal Rights
## Code of Alabama 1975, 40-2A-4(a)(2)

If you do not agree with this preliminary assessment, the Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act guarantees you certain rights to appeal this assessment. If you intend to appeal this preliminary assessment, you must do so within thirty (30) calendar days from the date of issuance.

In order to appeal a preliminary assessment, you must file a written "petition for review" with the Department of Revenue. To file a petition for review you must do one of the following:

1. Complete a petition for review form (if this form is not enclosed you may download it by logging onto the Department's Web site at www.revenue.alabama.gov/incometax/generaltaxforms.htm select Form IT: FA4, Petition for Review of Preliminary Assessment or you may request one by calling the telephone number shown on the assessment or by visiting one of the Department's taxpayer service centers); or
2. Prepare a statement which contains your name, address, telephone number, type of tax, tax period being appealed, and a brief statement explaining your objection to the assessment.

If you have any supporting documentation which you believe substantiates your objection(s), please attach that information to either the petition for review form or to your prepared statement and forward to the address shown on the assessment.

The information you provide will then be processed and reviewed. Based on this review, the Department may adjust the preliminary assessment or schedule a conference between you and the appropriate staff to further discuss your objection(s).

If you request a conference or if the Department deems a conference necessary, you will be notified of a date and time to appear and present your objection(s). Likewise, if the Department adjusts your assessment you will receive written notification of such adjustments.

If you do not file a petition for review within the thirty (30) day period, the Department will enter a final assessment. Also, the Department may enter a final assessment if, after a conference or review, it is determined that the assessment should be upheld in whole or in part. If it becomes necessary to enter a final assessment, you will be notified in writing and advised of your appeal rights which apply at that time.

If you do not wish to appeal this preliminary assessment, your payment should be attached and forwarded by mail to the address shown on the assessment.

ELECTRONIC PAYMENT OPTION: Payments may be made Online through the Department's website www.revenue.alabama.gov/efiling.htm, or by calling 1-800-828-1727 toll free. This is a free service. Do not mail payment voucher if payment is made electronically.
You may also use Discover/Novus, MasterCard, Visa or American express card to pay this liability by calling 1-800-2PAY-TAX or on the Internet at <www.officialpayments.com> (click on the "payment center" link.) When using this method, it will be necessary to know the Alabama Jurisdiction Code, which is 1101. There is a convenience fee for this service. The fee is based on the amount of your tax payment and is paid directly to Official Payments Corporation.

Important: If you have any questions, please direct them to the telephone number shown on the enclosed voucher.

# PETITION FOR REVIEW OF PRELIMINARY ASSESSMENT

NEXITY FINANCIAL CORPORATION
3680 GRANDVIEW PKWY
BIRMINGHAM, AL 35243-3326

Type of Tax: Financial Inst. Excise Tax
Period Covered FY(s) ending
12/31/2007

Total Amount Assessed $530,717.83

Telephone # ————————————————
Taxpayer ID Number 63-1222937

1. Explain below the reason(s) why you disagree with the Preliminary Assessment entered by the
Department of Revenue. (Attach additional sheets as necessary.)

_____

_____

_____

2. If you have additional evidence or information which will support your objections to the Preliminary
Assessment, please indicate that here, and attach photocopies if possible.
_____ Additional Evidence or Information Attached.

3. Do you wish to schedule a conference during which you may present your position to the Department?
(If you mark yes, you will be notified in writing of a date and time for a conference.)
_____ Yes    _____ No

I disagree with the Preliminary Assessment issued against me for the reason(s) detailed above and hereby
file this Petition for Review, as provided by Section 40-2A-7(b)(4), Code of Alabama 1975.

————————————————————————————    ————————————————
Signature of Taxpayer or Representative                                    Date

————————————————————————————
Title

————————————————————————————    ————————————————
Signature of Joint Taxpayer or Representative                              Date

*NOTE: If this is an appeal by a corporation, an authorized officer must sign
an appeal by a partnership requires the signature of a partner.*

This form must be completed and mailed or faxed to the address below within thirty calendar days of the
date shown on the Preliminary Assessment.

State of Alabama
Individual and Corporate Tax Division
Consolidated Business Tax Compliance Unit
PO Box 327439
Montgomery, AL 36132-7439

## Reasons and Explanations for Tax, Interest, and Penalties
### (As required by §40-2A-4(a)(3))

**Tax** - You underpaid your tax liability as reported on your tax return. The tax due as reported, the amounts you paid, and the balance due are shown on the face of this notice.

**Interest** - You failed to pay your tax liability by the due date. Accrued interest was computed at the legal rate, as required by §40-1-44(a).

The balance shown on this letter will be valid until 15-Jun-2011. If the amount is paid in full prior to this date, no additional interest will be added. If not paid in full prior to this date then additional interest will be added.

---

**RV-1**

NEXITY FINANCIAL CORPORATION
ID:                    0631222937

Tax Type:                    FIE
Control:              7339121921R

Voucher Type:          Billing Payment

**Mail Payment to:**
Alabama Department of Revenue
Individual and Corporate Tax Division
Consolidated Business Tax Compliance
Unit
PO Box 327439
Montgomery, AL 36132-7439
Phone: 334-353-9448
Fax: 334-242-9359

Amount Due:            $530,717.83



# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

| Taxpayer Name: **Nexity Financial Corporation & Subsidiaries** | | Examiner(s): **Cumbie, Offord, Strong** | | |
|---|---|---|---|---|
| Address: **3500 Blue Lake Drive, Suite 330** | | Date: **05/20/11** | | |
| City, State, Zip: **Birmingham, AL 35243** | | Federal ID Number: **63-1222937** | | |

| Ref. | | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|---|
| | 1. NET INCOME (as last determined) | | | |
| | 2. Adjustments | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. CORRECTED INCOME (before NOL deduction) | | | |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | | | |
| | 6. Alabama Apportionment Factor | | | |
| | 7. Income Apportioned to Alabama | | | |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | | | |
| | 10. Federal Income Tax Deduction (Refund) | | | |
| | 11. Alabama Income Before Net Operating Loss (NOL) | | | |
| | 12. Net Operating Loss Deduction (as last determined) | | | |
| | 13. Adjustments to NOL deduction | | | |
| | 14. Alabama NOL Deduction | | | |
| | 15. CORRECTED TAXABLE INCOME | (35,353) | 461,110 | 1,365,628 |
| | 16. EXCISE TAX DUE AT 6.5% | 0 | 29,972 | 88,766 |
| | 17. Less Credits (as last determined) | 0 | 0 | 0 |
| | 18. Adjustments to Credits | | | |
| | 19. NET TAX DUE | 0 | 0 | 88,766 |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. BALANCE OF TAX (OR REFUND) DUE | 0 | 0 | 88,766 |
| | 22. Plus Penalty | 0 | 0 | |
| | 23. Plus Interest (Computed to 06/15/2011) | 0 | 0 | 25,995 |
| | 24. Total Due (or Refund) Each Year | 0 | 0 | **Statute Expired** |
| | 25. GRAND TOTAL AMOUNT OR (REFUND) DUE | | | 0 |

Page 1

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

| Taxpayer Name | | Examiner(s) | |
|---|---|---|---|
| **Nexity Financial Corporation & Subsidiaries** | | **Cumbie, Offord, Strong** | |
| **Address** | | Date | |
| **3500 Blue Lake Drive, Suite 330** | | **05/20/11** | |
| City, State, Zip | | Federal ID Number | |
| **Birmingham, AL 35243** | | **63-1222937** | |

| Ref. | | Year 12/31/2006 | Year 12/31/2007 | Year |
|---|---|---|---|---|
| | 1. **NET INCOME (as last determined)** | | | |
| | 2. Adjustments | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. **CORRECTED INCOME (before NOL deduction)** | | | |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | | | |
| | 6. Alabama Apportionment Factor | | | |
| | 7. Income Apportioned to Alabama | | | |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | | | |
| | 10. Federal Income Tax Deduction (Refund) | | | |
| | 11. Alabama Income Before Net Operating Loss (NOL) | | | |
| | 12. Net Operating Loss Deduction (as last determined) | | | |
| | 13. Adjustments to NOL deduction | | | |
| | 14. Alabama NOL Deduction | | | |
| | 15. **CORRECTED TAXABLE INCOME** | 1,605,330 | 7,192,961 | |
| | 16. **EXCISE TAX DUE AT 6.5%** | 104,346 | 467,542 | 0 |
| | 17. Less Credits (as last determined) | 0 | 0 | 0 |
| | 18. Adjustments to Credits | | | |
| | 19. **NET TAX DUE** | 104,346 | 467,542 | 0 |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. **BALANCE OF TAX (OR REFUND) DUE** | 104,346 | 467,542 | 0 |
| | 22. Plus Penalty | | | |
| | 23. Plus Interest (Computed to 06/15/2011) | 22,422 | 64,713 | 0 |
| | 24. Total Due (or Refund) Each Year | Statute Expired | 532,255 | 0 |
| | 25. **GRAND TOTAL AMOUNT OR (REFUND) DUE** | | | 532,255 |

| Taxpayer Name | | Examiner(s) | |
|---|---|---|---|
| **Nexity Financial Corporation** | | **Cumbie, Offord, Strong** | |
| Address | | Date | |
| **3500 Blue Lake Drive, Suite 330** | | **05/20/11** | |
| City, State, Zip | | Federal ID Number | |
| **Birmingham, AL 35243** | | **63-1222937** | |

| Ref. | | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|---|
| | 1. NET INCOME (as last determined) | (1,870,781) | (1,507,308) | (874,213) |
| | 2. Adjustments | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. CORRECTED INCOME (before NOL deduction) | (1,870,781) | (1,507,308) | (874,213) |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | (1,870,781) | (1,507,308) | (874,213) |
| | 6. Alabama Apportionment Factor | 100.000000% | 100.000000% | 100.000000% |
| | 7. Income Apportioned to Alabama | (1,870,781) | (1,507,308) | (874,213) |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | (1,870,781) | (1,507,308) | (874,213) |
| | 10. Federal Income Tax Deduction (Refund) | 0 | 0 | 0 |
| | 11. Alabama Income Before Net Operating Loss (NOL) | (1,870,781) | (1,507,308) | (874,213) |
| | 12. Net Operating Loss Deduction (as last determined) | | | |
| 5 | 13. NOL Allocated to subs | (1,870,781) | (1,507,308) | (874,213) |
| | 14. Alabama NOL Deduction | (1,870,781) | (1,507,308) | (874,213) |
| | 15. CORRECTED TAXABLE INCOME | | | |
| | 16. EXCISE TAX DUE AT 6.5% | | | |
| | 17. Less Credits (as last determined) | | | |
| | 18. Adjustments to Credits | | | |
| | 19. NET TAX DUE | | | |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. BALANCE OF TAX (OR REFUND) DUE | | | |
| | 22. Plus Penalty | | | |
| | 23. Plus Interest | | | |
| | 24. Total Due (or Refund) Each Year | | | |
| | 25. GRAND TOTAL AMOUNT OR (REFUND) DUE | | | |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

| Taxpayer Name | | Examiner(s) |
|---|---|---|
| **Nexity Financial Corporation** | | **Cumbie, Offord, Strong** |
| Address | | Date |
| **3500 Blue Lake Drive, Suite 330** | | **05/20/11** |
| City, State, Zip | | Federal ID Number |
| **Birmingham, AL 35243** | | **63-1222937** |

| Ref. | | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|---|
| | 1. NET INCOME (as last determined) | (1,152,144) | (1,009,708) | |
| | 2. Adjustments | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. CORRECTED INCOME (before NOL deduction) | (1,152,144) | (1,009,708) | |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | (1,152,144) | (1,009,708) | |
| | 6. Alabama Apportionment Factor | 100.000000% | 100.000000% | |
| | 7. Income Apportioned to Alabama | (1,152,144) | (1,009,708) | |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | (1,152,144) | (1,009,708) | |
| | 10. Federal Income Tax Deduction (Refund) | 0 | 0 | |
| | 11. Alabama Income Before Net Operating Loss (NOL) | (1,152,144) | (1,009,708) | |
| | 12. Net Operating Loss Deduction (as last determined) | | | |
| 5,6 | 13. NOL Allocated to subs | (1,152,144) | (1,009,708) | |
| | 14. Alabama NOL Deduction | (1,152,144) | (1,009,708) | |
| | 15. CORRECTED TAXABLE INCOME | 0 | 0 | |
| | 16. EXCISE TAX DUE AT 6.5% | | | |
| | 17. Less Credits (as last determined) | | | |
| | 18. Adjustments to Credits | | | |
| | 19. NET TAX DUE | | | |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. BALANCE OF TAX (OR REFUND) DUE | | | |
| | 22. Plus Penalty | | | |
| | 23. Plus Interest | | | |
| | 24. Total Due (or Refund) Each Year | | | |
| | 25. GRAND TOTAL AMOUNT OR (REFUND) DUE | | | |

| Taxpayer | |
|---|---|
| Nexity Financial Corporation | Page 5 |

( ) Net Operating Loss-Allocated to Subsidiaries

| | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|
| Net Operating Loss Allocated to Subs. | (1,870,781) | (1,507,308) | (874,213) |
| Net Operating Loss per Return | (1,870,781) | (1,507,308) | (874,213) |
| (Increase)/Decrease | 0 | 0 | 0 |

| | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|
| Net Operating Loss Allocated to Subs. | (1,152,144) | (1,009,708) | |
| Net Operating Loss per Return | (1,152,144) | (1,009,708) | |
| (Increase)/Decrease | 0 | 0 | |

**SRLY Loss Available**

| | | Net Operating Losses Utilized | | | | |
|---|---|---|---|---|---|---|
| Loss Year | Amount of N. O. L. | Amount Used Prior Years | Year | Year | Year | Balance Available |
| 12/31/1999 | 932,344 | 0 | 0 | 0 | 0 | 932,344 |
| 12/31/2000 | 2,000,334 | 0 | 0 | 0 | 0 | 2,000,334 |
| 12/31/2001 | 1,338,395 | 0 | 0 | 0 | 0 | 1,338,395 |
| 12/31/2002 | 1,910,568 | 0 | 0 | 0 | 0 | 1,910,568 |
| | | TOTALS: | 0 | 0 | 0 | 6,181,641 |

Facts:
The losses accrued by Nexity Financial Corporation during the years prior to 1-01-2003 are only available for use by Nexity Financial Corporation. Those losses represents SRLY NOL.

The losses accrued by Nexity Financial Corporation during the 12-31-2003 through 12-31-2007 tax year end were allocated to the subsidiaries included in the Alabama consolidated group based on assets. Please see page 6.

Taxpayer's Position:
Unknown

Law and Analysis:
Please see Alabama Regulation 810-9-1-.01 (4) (j) (1) & (2).

Net operating losses shall be carried back or carried forward only on the account of the member which incurs the loss.

Net operating losses of parent companies shall be allocated among the members of the consolidated Alabama Financial Institution Excise Tax return based on the percentage which the gross assets of each member of the consolidated Alabama Financial Institution Excise Tax return bears to the total gross assets of all members

## 12/31/2003 parent

| | Nexity Financial Services Inc. 01-0608492 | Nexity Bank 63-0523669 | Nexity Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TOTAL ASSETS OF SEPARATE COMPANY | $ 17,787.00 | $ 522,812,353.00 | $ - | $ 522,830,140.00 |
| TOTAL ASSETS OF ALL COMPANIES | $ 522,830,140.00 | 522,830,140.00 | 522,830,140.00 | |
| PERCENTAGE | 0.0034% | 99.9966% | 0.0000% | 100.0000% |
| CURRENT YEAR PARENT NOL | $ 1,870,781 | 1,870,781.00 | 1,870,781.00 | $ 1,870,781.00 |
| COMPANY'S SHARE OF NOL | $ 63.65 | $ 1,870,717.35 | - | $ - |

## 12/31/2004 parent

| | Nexity Financial Services Inc. 01-0608492 | Nexity Bank 63-0523669 | Nexity Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TOTAL ASSETS OF SEPARATE COMPANY | $ 11,390.00 | $ 610,152,666.00 | $ - | $ 610,164,056.00 |
| TOTAL ASSETS OF ALL COMPANIES | $ 610,164,056.00 | 610,164,056.00 | 610,164,056.00 | |
| PERCENTAGE | 0.0019% | 99.9981% | 0.0000% | 100.0000% |
| CURRENT YEAR PARENT NOL | $ 1,507,308 | 1,507,308.00 | 1,507,308.00 | $ 1,507,308.00 |
| COMPANY'S SHARE OF NOL | $ 28.14 | $ 1,507,279.86 | - | $ - |

## 12/31/2005 parent

| | Nexity Financial Services Inc. 01-0608492 | Nexity Bank 63-0523669 | Nexity Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TOTAL ASSETS OF SEPARATE COMPANY | $ 10,646.00 | $ 784,098,224.00 | $ - | $ 784,108,870.00 |
| TOTAL ASSETS OF ALL COMPANIES | $ 784,108,870.00 | 784,108,870.00 | 784,108,870.00 | |
| PERCENTAGE | 0.0014% | 99.9986% | 0.0000% | 100.0000% |
| CURRENT YEAR PARENT NOL | $ 874,213 | 874,213.00 | 874,213.00 | $ 874,213.00 |
| COMPANY'S SHARE OF NOL | $ 11.87 | $ 874,201.13 | - | $ - |

## 12/31/2006 parent

| | Nexity Financial Services Inc. 01-0608492 | Nexity Bank 63-0523669 | Nexity Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TOTAL ASSETS OF SEPARATE COMPANY | $ 9,594.00 | $ 891,874,948.00 | $ 232,118,779.00 | $ 1,124,003,321.00 |
| TOTAL ASSETS OF ALL COMPANIES | $ 1,124,003,321.00 | 1,124,003,321.00 | 1,124,003,321.00 | |
| PERCENTAGE | 0.0009% | 79.3481% | 20.6511% | 100.0000% |
| CURRENT YEAR PARENT NOL | $ 1,152,144 | 1,152,144.00 | 1,152,144.00 | $ 1,152,144.00 |
| COMPANY'S SHARE OF NOL | $ 9.63 | $ 914,204.03 | 237,930.13 | $ - |

## 12/31/2007 parent

| | Nexity Financial Services Inc. 01-0608492 | Nexity Bank 63-0523669 | Nexity Investments 20-5889194 | TOTALS |
|---|---|---|---|---|
| TOTAL ASSETS OF SEPARATE COMPANY | $ 436,103.00 | $ 938,588,237.00 | $ 244,939,080.00 | $ 1,183,963,420.00 |
| TOTAL ASSETS OF ALL COMPANIES | $ 1,183,963,420.00 | 1,183,963,420.00 | 1,183,963,420.00 | |
| PERCENTAGE | 0.0368% | 79.2751% | 20.6881% | 100.0000% |
| CURRENT YEAR PARENT NOL | $ 1,009,708 | 1,009,708.00 | 1,009,708.00 | $ 1,009,708.00 |
| COMPANY'S SHARE OF NOL | $ 371.92 | $ 800,447.07 | 208,889.01 | $ - |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

| Taxpayer Name | | Examiner(s) | | |
|---|---|---|---|---|
| **Nexity Bank** | | **Cumble, Offord, Strong** | | |

| Address | | Date | | |
|---|---|---|---|---|
| **3500 Blue Lake Drive, Suite 330** | | **05/20/11** | | |

| City, State, Zip | | Federal ID Number | | |
|---|---|---|---|---|
| **Birmingham, AL 35243** | | **63-0523669** | | |

| Ref. | | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|---|
| | 1. NET INCOME (as last determined) | 5,358,911 | 7,507,654 | 9,449,471 |
| | 2. Adjustments | | | |
| 8-A | Interest Income Adjustment due to Federal Amendment | | (112,522) | |
| 8-B | Other Income Adjustment due to Federal Amendment | | (89,551) | |
| 8-C | Employee Benefit Plans Adjustment due to Federal Amendment | | (10,424) | |
| 8-D | Other Deductions/Meals & Entertainment | 31,279 | 34,821 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. CORRECTED INCOME (before NOL deduction) | 5,390,190 | 7,329,978 | 9,449,471 |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | 5,390,190 | 7,329,978 | 9,449,471 |
| | 6. Alabama Apportionment Factor | 40.646300% | 39.268000% | 32.777000% |
| | 7. Income Apportioned to Alabama | 2,190,913 | 2,878,336 | 3,097,253 |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | 2,190,913 | 2,878,336 | 3,097,253 |
| 10,11 | 10. Federal Income Tax Deduction (Refund) | 34,549 | 313,359 | 855,807 |
| | 11. Alabama Income Before Net Operating Loss (NOL) | 2,156,363 | 2,564,977 | 2,241,446 |
| 13 | 12. SRLY NOL Utilized | 285,646 | 587,169 | |
| | 13. NOL Allocated from parent | 1,870,717 | 1,507,280 | 874,201 |
| | 14. Alabama NOL Deduction | 2,156,363 | 2,094,449 | 874,201 |
| | 15. CORRECTED TAXABLE INCOME | 0 | 470,528 | 1,367,245 |
| | 16. EXCISE TAX DUE AT 6.5% | | | |
| | 17. Less Credits (as last determined) | | | |
| | 18. Adjustments to Credits | | | |
| | 19. NET TAX DUE | | | |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. BALANCE OF TAX (OR REFUND) DUE | | | |
| | 22. Plus Penalty | | | |
| | 23. Plus Interest | | | |
| | 24. Total Due (or Refund) Each Year | | | |
| | 25. GRAND TOTAL AMOUNT OR (REFUND) DUE | | | |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Explanation of Adjustments

| Taxpayer | | |
|---|---|---|
| Nexity Bank | 63-0523669 | Page 8 |

**(A)**

**Interest Income**

| | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|
| Per Audit | 0 | 28,142,983 | 0 |
| Per Return | 0 | 28,255,505 | 0 |
| ADJUSTMENT | 0 | (112,522) | 0 |

Facts:
Interest income was reduced to agree with the changes made on your 2004 amended 1120X.

Taxpayer's Position:

Law and Analysis:

**(B)**

**Other Income**

| | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|
| Per Audit | 0 | 682,118 | 0 |
| Per Return | 0 | 771,669 | 0 |
| ADJUSTMENT | 0 | (89,551) | 0 |

Facts:
Other income was reduced to agree with the changes made on your 2004 amended 1120X.

Taxpayer's Position:
Unknown

Law and Analysis:

**(C)**

**Employee Benefit Plans**

| | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|
| Per Audit | 0 | 408,555 | 0 |
| Per Return | 0 | 398,131 | 0 |
| ADJUSTMENT | 0 | 10,424 | 0 |

Facts:
Employee benefit plan expenses were increase to agree with the changes made on your amended 1120X.

Taxpayer's Position:

Law and Analysis:

**(D)**

**Other Deductions/Meals & Entertainment**

| | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|
| Per Audit | 320,123 | 274,073 | 0 |
| Per Return | 351,402 | 308,894 | 0 |
| ADJUSTMENT | (31,279) | (34,821) | 0 |

Facts:
Alabama meals & entertainment expenses are not allowed in excess of that allowed for Federal purposes.
Other deductions should include ordinary and necessary expense not previously included in lines 7 through 18.

Taxpayer's Position:
Unknown

Law and Analysis:
Other deductions are allowed in accordance with federal Internal Revenue Code Section 162.

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

| | Taxpayer Name | | | |
|---|---|---|---|---|
| | **Nexity Bank** | | Examiner(s) **Cumbie, Offord, Strong** | |
| | Address **3500 Blue Lake Drive, Suite 330** | | Date **05/20/11** | |
| | City, State, Zip **Birmingham, AL 35243** | | Federal ID Number **63-0523669** | |

| Ref. | | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|---|
| | 1. NET INCOME (as last determined) | 10,794,190 | (1,219,192) | |
| | 2. Adjustments | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. CORRECTED INCOME (before NOL deduction) | 10,794,190 | (1,219,192) | |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | 10,794,190 | (1,219,192) | |
| | 6. Alabama Apportionment Factor | 28.609200% | 27.033500% | |
| | 7. Income Apportioned to Alabama | 3,088,131 | (329,590) | |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | 3,088,131 | (329,590) | |
| 11,12 | 10. Federal Income Tax Deduction (Refund) | 962,874 | 0 | |
| | 11. Alabama Income Before Net Operating Loss (NOL) | 2,125,257 | (329,590) | |
| 13 | 12. SRLY NOL Utilized | | | |
| | 13. NOL Allocated from parent | 914,204 | 800,447 | |
| | 14. Alabama NOL Deduction | 914,204 | 800,447 | |
| | 15. CORRECTED TAXABLE INCOME | 1,211,053 | (1,130,037) | |
| | 16. EXCISE TAX DUE AT 6.5% | | | |
| | 17. Less Credits (as last determined) | | | |
| | 18. Adjustments to Credits | | | |
| | 19. NET TAX DUE | | | |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. BALANCE OF TAX (OR REFUND) DUE | | | |
| | 22. Plus Penalty | | | |
| | 23. Plus Interest | | | |
| | 24. Total Due (or Refund) Each Year | | | |
| | 25. GRAND TOTAL AMOUNT OR (REFUND) DUE | | | |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Federal Income Tax Deduction/Refund

| Taxpayer Nexity Bank | Page 10 |
|---|---|

**Federal Income Tax Deduction/<Refund>**

The federal income tax attributed to this company from the federal consolidated return is computed below in accordance with Reg. 810-3-35-.01(1)(b)3(i).

| | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|
| (N) This company's separate federal | 5,280,239 | 7,329,978 | 9,214,333 |
| (D) Total all positive federal | 5,280,239 | 7,329,978 | 9,214,333 |
| This company's percentage [N/D] | 100.0000% | 100.0000% | 100.0000% |
| Consolidated Federal Income Tax (see note above) | 85,000 | 798,000 | 2,611,000 |
| Federal Income Tax for this company | 85,000 | 798,000 | 2,611,000 |

| | | | |
|---|---|---|---|
| 1. Federal Income Tax to be apportioned | 85,000 | 798,000 | 2,611,000 |
| 2. Alabama Income Before FIT | 2,190,913 | 2,878,336 | 3,097,253 |
| 3. Apportionable Income | 5,390,190 | 7,329,978 | 9,449,471 |
| 4. Federal Income Tax Ratio (line 2/ line 3) | 40.6463% | 39.2680% | 32.7770% |
| 5. Federal Income Tax apportioned to Alabama | 34,549 | 313,359 | 855,807 |
| 6. Less Refunds or Adjustments | | | |
| 7. Net Federal Income Tax Deduction/<Refund> | 34,549 | 313,359 | 855,807 |

| | | | |
|---|---|---|---|
| 2003 estimated tax payments | 85,000 | | |
| 2002 payment with 7004 (paid in 2003) | 0 | | |
| 2004 estimated payments | | 798,000 | |
| 2003 payment with 7004 (paid in 2004) | | 0 | |
| 2005 estimated tax payments | | | 2,561,000 |
| 2004 payment with 7004 (paid in 2005) | | | 50,000 |
| Total payments | 85,000 | 798,000 | 2,611,000 |

| FEIN | Name | Positive Income 12/31/03 | Positive Income 12/31/04 | Positive Income 12/31/05 | Positive Income 12/31/06 | Positive Income 12/31/07 |
|------|------|--------------------------|--------------------------|--------------------------|--------------------------|--------------------------|
| 63-1222937 | Nexity Financial Corporation | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 63-0523669 | Nexity Bank | $5,280,239.00 | $7,329,978.00 | $9,214,333.00 | $10,483,195.00 | $0.00 |
| 01-0808492 | Nexity Financial Services Inc. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20-5880194 | Nexity Investments Inc. | $0.00 | $0.00 | $0.00 | $932,541.00 | $11,728,876.00 |
| | Total | $5,280,239.00 | $7,329,978.00 | $9,214,333.00 | $11,415,736.00 | $11,728,876.00 |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Federal Income Tax Deduction/Refund

| Taxpayer Nexity Bank | Page 12 |
| --- | --- |

**Federal Income Tax Deduction/<Refund>**

The federal income tax attributed to this company from the federal consolidated return is computed below in accordance with Reg. 810-3-35-.01(1)(b)3(i).

| | Year 12/31/2006 | Year 12/31/2007 | |
| --- | --- | --- | --- |
| (N) This company's separate federal | 10,483,195 | 0 | |
| (D) Total all positive federal | $11,415,736.00 | 11,728,676 | |
| This company's percentage [N/D] | 91.8311% | 0.0000% | |
| Consolidated Federal Income Tax (see note above) | 3,665,000 | 3,195,000 | |
| Federal Income Tax for this company | 3,365,610 | 0 | |

| | | | |
| --- | --- | --- | --- |
| 1. Federal Income Tax to be apportioned | 3,365,610 | | |
| 2. Alabama Income Before FIT | 3,088,131 | | |
| 3. Apportionable Income | 10,794,190 | | |
| 4. Federal Income Tax Ratio.(line 2/ line 3) | 28.6092% | | |
| 5. Federal Income Tax apportioned to Alabama | 962,874 | | |
| 6. Less Refunds or Adjustments | | | |
| 7. Net Federal Income Tax Deduction/<Refund> | 962,874 | | |

| | | | |
| --- | --- | --- | --- |
| 2006 estimated tax payments | 3,365,000 | | |
| 2005 payment with 7004 (paid in 2006) | 300,000 | | |
| 2007estimated payments | | 3,045,000 | |
| 2006 payment with 7004 (paid in 2007) | | 150,000 | |
| 2008 estimated tax payments | | | 0 |
| 2007 payment with 7004 (paid in 2008) | | | 0 |
| Total payments | 3,665,000 | 3,195,000 | 0 |

| Taxpayer | |
|---|---|
| Nexity Bank | Page 13 |

**( ) Net Operating Loss -SRLY NOL**

| | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|
| Net Operating Loss per Audit | 285,646 | 587,169 | 0 |
| Net Operating Loss per Return | 905,776 | 0 | 2,241,446 |
| (Increase)/Decrease | (620,130) | 587,169 | (2,241,446) |

| | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|
| Net Operating Loss per Audit | 0 | 0 | |
| Net Operating Loss per Return | 999,013 | 0 | |
| (Increase)/Decrease | (999,013) | 0 | |

| | | | Net Operating Losses Utilized | | | |
|---|---|---|---|---|---|---|
| Loss Year | Amount of N. O. L. | Amount Used Prior Years | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 | Balance Available |
| 12/31/1999 | 416,939 | 416,939 | | 0 | 0 | 0 |
| 12/31/2000 | 1,408,161 | 672,839 | 285,646 | 449,676 | 0 | 0 |
| 12/31/2001 | 137,493 | 0 | 0 | 137,493 | 0 | 0 |
| | | TOTALS: | 285,646 | 587,169 | 0 | 0 |

Facts:
The amount of "SRLY" NOL utilized during the 12-31-2003 tax year end was decreased to allow the usage of NOL allocated from the parent.
Taxpayer's Position:

Law and Analysis:
Please see Alabama Regulation 810-9-1-.01 (4) (j).
(j) Net operating losses of financial institutions will be carried back for two years from the year of the loss, and then carried forward for eight years. A loss will be used to offset the income of ten years in addition to the year in which the loss arose, and must be used to offset the income of these ten years in chronological order. The law regarding computing and applying loss carrybacks and carryovers is similar to federal income tax law dealing with this subject. Federal rules and decisions will be considered by the Department in these matters.

1. Net operating losses shall be carried back or carried forward only on the account of the member which incurs the loss.

2. Net operating losses of parent companies shall be allocated among the members of the consolidated Alabama Financial Institution Excise Tax return based on the percentage which the gross assets of each member of the consolidated Alabama Financial Institution Excise Tax return bears to the total gross assets of all members of the consolidated Alabama Financial Institution Excise Tax return.

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

| Taxpayer Name | Examiner(s) |
|---|---|
| **Nexity Financial Services** | **Cumble, Offord, Strong** |
| Address | Date |
| **3500 Blue Lake Drive, Suite 330** | **05/20/11** |
| City, State, Zip | Federal ID Number |
| **Birmingham, AL 35243** | **01-0608492** |

| Ref. | | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|---|
| | 1. **NET INCOME (as last determined)** | (35,289) | (9,390) | (1,605) |
| | 2. Adjustments | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. **CORRECTED INCOME (before NOL deduction)** | (35,289) | (9,390) | (1,605) |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | (35,289) | (9,390) | (1,605) |
| | 6. Alabama Apportionment Factor | 100.000000% | 100.000000% | 100.000000% |
| | 7. Income Apportioned to Alabama | (35,289) | (9,390) | (1,605) |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | (35,289) | (9,390) | (1,605) |
| | 10. Federal Income Tax Deduction (Refund) | 0 | 0 | 0 |
| | 11. Alabama Income Before Net Operating Loss (NOL) | (35,289) | (9,390) | (1,605) |
| | 12. Net Operating Loss Deduction (as last determined) | | | |
| 6 | 13. NOL Allocated from parent | 64 | 28 | 12 |
| | 14. Alabama NOL Deduction | 64 | 28 | 12 |
| | 15. **CORRECTED TAXABLE INCOME** | (35,353) | (9,418) | (1,617) |
| | 16. **EXCISE TAX DUE AT 6.5%** | | | |
| | 17. Less Credits (as last determined) | | | |
| | 18. Adjustments to Credits | | | |
| | 19. **NET TAX DUE** | | | |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. **BALANCE OF TAX (OR REFUND) DUE** | | | |
| | 22. Plus Penalty | | | |
| | 23. Plus Interest | | | |
| | 24. Total Due (or Refund) Each Year | | | |
| | 25. **GRAND TOTAL AMOUNT OR (REFUND) DUE** | | | |

Page 14

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

| Taxpayer Name | | | Examiner(s) |
|---|---|---|---|
| **Nexity Financial Services** | | | **Cumble, Offord, Strong** |
| Address | | | Date |
| **3500 Blue Lake Drive, Suite 330** | | | **05/20/11** |
| City, State, Zip | | | Federal ID Number |
| **Birmingham, AL 35243** | | | **01-0608492** |

| Ref. | | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|---|
| | 1. NET INCOME (as last determined) | (934) | (602,301) | |
| | 2. Adjustments | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. CORRECTED INCOME (before NOL deduction) | (934) | (602,301) | |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | (934) | (602,301) | |
| | 6. Alabama Apportionment Factor | 100.000000% | 0.235300% | |
| | 7. Income Apportioned to Alabama | (934) | (1,417) | |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | (934) | (1,417) | |
| | 10. Federal Income Tax Deduction (Refund) | 0 | 0 | |
| | 11. Alabama Income Before Net Operating Loss (NOL) | (934) | (1,417) | |
| | 12. Net Operating Loss Deduction (as last determined) | | | |
| 6 | 13. NOL Allocated from parent | 10 | 372 | |
| | 14. Alabama NOL Deduction | 10 | 372 | |
| | 15. CORRECTED TAXABLE INCOME | (944) | (1,789) | |
| | 16. EXCISE TAX DUE AT 6.5% | | | |
| | 17. Less Credits (as last determined) | | | |
| | 18. Adjustments to Credits | | | |
| | 19. NET TAX DUE | | | |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. BALANCE OF TAX (OR REFUND) DUE | | | |
| | 22. Plus Penalty | | | |
| | 23. Plus Interest | | | |
| | 24. Total Due (or Refund) Each Year | | | |
| | 25. GRAND TOTAL AMOUNT OR (REFUND) DUE | | | |

Page 15

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Summary of Adjustments to Financial Institution Excise Tax

| Taxpayer Name | Examiner(s) |
|---|---|
| **Nexity Investments Inc.** | **Cumbie, Offord, Strong** |

| Address | Date |
|---|---|
| **3500 Blue Lake Drive, Suite 330** | **05/20/11** |

| City, State, Zip | Federal ID Number |
|---|---|
| **Birmingham, AL, 35243** | **20-5889194** |

| Ref. | | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|---|
| | 1. NET INCOME (as last determined) | 932,541 | 11,728,676 | |
| | 2. Adjustments | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 3. CORRECTED INCOME (before NOL deduction) | 932,541 | 11,728,676 | |
| | 4. Net Non Business (Income)/Loss | | | |
| | 5. Apportionable Income | 932,541 | 11,728,676 | |
| 17 | 6. Alabama Apportionment Factor | 100.000000% | 100.000000% | |
| | 7. Income Apportioned to Alabama | 932,541 | 11,728,676 | |
| | 8. Net Non Business Income/(Loss) allocated to Alabama | | | |
| | 9. Alabama Income Before Federal Income Tax Deduction | 932,541 | 11,728,676 | |
| 18 | 10. Federal Income Tax Deduction (Refund) | 299,390 | 3,195,000 | |
| | 11. Alabama Income Before Net Operating Loss (NOL) | 633,151 | 8,533,676 | |
| | 12. Net Operating Loss Deduction (as last determined) | | | |
| 6 | 13. NOL Allocated from parent | 237,930 | 208,889 | |
| | 14. Alabama NOL Deduction | 237,930 | 208,889 | |
| | 15. CORRECTED TAXABLE INCOME | 395,221 | 8,324,787 | |
| | 16. EXCISE TAX DUE AT 6.5% | | | |
| | 17. Less Credits (as last determined) | | | |
| | 18. Adjustments to Credits | | | |
| | 19. NET TAX DUE | | | |
| | 20. Less Net Amounts Previously Paid | | | |
| | 21. BALANCE OF TAX (OR REFUND) DUE | | | |
| | 22. Plus Penalty | | | |
| | 23. Plus Interest | | | |
| | 24. Total Due (or Refund) Each Year | | | |
| | 25. GRAND TOTAL AMOUNT OR (REFUND) DUE | | | |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Explanation of Adjustments

| Taxpayer | | |
|---|---|---|
| Nexity Investments | 20-5889194 | Page 17 |

**(A)**

**Alabama Apportionment Factor**

| | | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|---|
| | Per Audit | 100% | 100% | |
| | Per Return | 0% | 0% | |
| | ADJUSTMENT | 100% | 100% | |

Facts:
Nexity Investments Inc is an investment company "based" in Nevada. The Department has reviewed information provided by the taxpayer and disagrees that the income from Nexity Investments Inc should be sourced to Nevada. Nexity Bank is based in Birmingham, Alabama. Information provided by the taxpayer includes service provider employees in charge of a significant portion of Nexity Bank's investment assets. These assets must be safeguarded in a manner so that the Bank is fully funded. The Department does not understand how this can be done in Nevada with one part time employee. Information provided to the auditors indicates that prior to the formation of the Nevada "based" investment company, Nexity Bank had in place a Asset Liability Committee (ALCO) as well as a Asset Liability Management policy. Multiple references were made in the board minutes that indicated the investment securites were handled by bank employees. The Department cannot understand how this function could no longer be handled by Bank employees, but is entrusted to a part time Nevada "employee". The Department finds that the propery and payroll in Nevada are insignificant and that utilization of this data in the Alabama apportionment formula unfairly skews the factor. The Department further finds that the income of Nexity Investments Inc should be sourced to Alabama, since the Bank is based in Alabama, and Alabama employees are performing the duties necessary to oversee and maintain the investments of Nexity Bank.

Taxpayer's Position:
Taxpayer believes that even though Nexity is headquartered in Alabama, the income of Nexity Investment Inc. is allocable to Nevada. Nexity Investment Inc does not file a Nevada income tax return, because they are not required to file an income tax return with Nevada. The taxpayer appears to believe, that the income of Nexity Investment Inc. is not subject to tax for state income tax purposes.

Law and Analysis:
Alabama excise tax regulation 810-9-1-.05(2)(g) provides for the employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income.

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Federal Income Tax Deduction/Refund

| Taxpayer | |
|---|---|
| **Nexity Investments** | 20-5889194 |

## Federal Income Tax Deduction/<Refund>

The federal income tax attributed to this company from the federal consolidated return is computed below in accordance with Reg. 810-3-35-.01(1)(b)3(i).

| | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|
| (N) This company's separate federal | 932,541 | 11,728,676 | |
| (D) Total all positive federal | $11,415,736.00 | 11,728,676 | |
| This company's percentage [N/D] | 8.1689% | 100.0000% | |
| Consolidated Federal Income Tax (see note above) | 3,665,000 | 3,195,000 | |
| Federal Income Tax for this company | 299,390 | 3,195,000 | |

| | | | |
|---|---|---|---|
| 1. Federal Income Tax to be apportioned | 299,390 | 3,195,000 | |
| 2. Alabama Income Before FIT | 932,541 | 11,728,676 | |
| 3. Apportionable Income | 932,541 | 11,728,676 | |
| 4. Federal Income Tax Ratio.(line 2/ line 3) | 100.0000% | 100.0000% | |
| 5. Federal Income Tax apportioned to Alabama | 299,390 | 3,195,000 | |
| 6. Less Refunds or Adjustments | | | |
| 7. Net Federal Income Tax Deduction/<Refund> | 299,390 | 3,195,000 | |

| | | | |
|---|---|---|---|
| 2006 estimated tax payments | 3,365,000 | | |
| 2005 payment with 7004 (paid in 2006) | 300,000 | | |
| 2007estimated payments | | 3,045,000 | |
| 2006 payment with 7004 (paid in 2007) | | 150,000 | |
| 2008 estimated tax payments | | | 0 |
| 2007 payment with 7004 (paid in 2008) | | | 0 |
| Total payments | 3,665,000 | 3,195,000 | 0 |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Late Filing Penalty

| Taxpayer | |
|---|---|
| Nexity Financial Corporation | Page 19 |

Section 40-2A-11(a), Code Of Alabama, 1975, imposes a penalty for failure to file any return on or before the prescribed filing date, including any extension of time to file. The penalty is the greater of 10% of any additional tax due with such return or $50.

**Year: 12/31/2003**

| | | Date Return Due | Date Return Filed | Delinquent? |
|---|---|---|---|---|
| | | 7/15/2004 | 7/19/2004 | YES |
| Amount of Tax Due, Per Return | 0 | | | |
| Amount timely paid | | | | |
| Balance due with return | 0 | | | |
| (A)  10% of balance due with return | 0 | | | |
| (B)  Penalty - greater of (A) or $50 | 50 | Out of Statue for Billing | | |

**Year: 12/31/2004**

| | | Date Return Due | Date Return Filed | Delinquent? |
|---|---|---|---|---|
| | | 7/15/2005 | 7/19/2005 | YES |
| Amount of Tax Due, Per Return | 0 | | | |
| Amount timely paid | | | | |
| Balance due with return | 0 | | | |
| (A)  10% of balance due with return | 0 | | | |
| (B)  Penalty - greater of (A) or $50 | 50 | Out of Statue for Billing | | |

**Year: 12/31/2005**

| | | Date Return Due | Date Return Filed | Delinquent? |
|---|---|---|---|---|
| | | 7/15/2006 | 9/19/2006 | YES |
| Amount of Tax Due, Per Return | 0 | | | |
| Amount timely paid | | | | |
| Balance due with return | 0 | | | |
| (A)  10% of balance due with return | 0 | | | |
| (B)  Penalty - greater of (A) or $50 | 50 | Previously Paid | | |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Late Filing Penalty

| Taxpayer | |
|---|---|
| Nexity Financial Corporation | Page 20 |

Section 40-2A-11(a), Code Of Alabama, 1975, imposes a penalty for failure to file any return on or before the prescribed filing date, including any extension of time to file. The penalty is the greater of 10% of any additional tax due with such return or $50.

| Year: 12/31/2006 |
|---|

| | | Date Return Due | Date Return Filed | Delinquent? |
|---|---|---|---|---|
| | | 10/15/2007 | 9/20/2007 | NO |
| Amount of Tax Due, Per Return | 0 | | | |
| Amount timely paid | | | | |
| Balance due with return | 0 | | | |
| (A)  10% of balance due with return | 0 | | | |
| (B)  Penalty - greater of (A) or $50 | 0 | | | |

| Year: 12/31/2007 |
|---|

| | | Date Return Due | Date Return Filed | Delinquent? |
|---|---|---|---|---|
| | | 10/15/2008 | 10/3/2008 | NO |
| Amount of Tax Due, Per Return | 0 | | | |
| Amount timely paid | | | | |
| Balance due with return | 0 | | | |
| (A)  10% of balance due with return | 0 | | | |
| (B)  Penalty - greater of (A) or $50 | 0 | | | |

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Computation of Interest Due

| Taxpayer | FEIN: | Page |
|---|---|---|
| Nexity Financial Corporation | 63-1222937 | 21 |

| | | Year 12/31/2003 | Year 12/31/2004 | Year 12/31/2005 |
|---|---|---|---|---|
| Interest to: | 8/11/2009 | 0 | 0 | Statute Expired |

| | | | Year: | 12/31/03 | |
|---|---|---|---|---|---|
| From Date | To Date | Interest Rate | Tax Amount | | Interest Amount |
| 4/15/2004 | | | 0 | | 0 |
| | | | 0 | | 0 |
| | | | 0 | | 0 |
| | | Totals: | 0 | | 0 |

| | | | Year: | 12/31/04 | |
|---|---|---|---|---|---|
| From Date | To Date | Interest Rate | Tax Amount | | Interest Amount |
| 4/15/2005 | | | 0 | | 0 |
| | | | 0 | | 0 |
| | | | 0 | | 0 |
| | | Totals: | 0 | | 0 |

| | | | Year: | 12/31/05 | |
|---|---|---|---|---|---|
| From Date | To Date | Interest Rate | Tax Amount | | Interest Amount |
| 4/15/2006 | 6/15/2011 | 29.2849% | 88,766 | | 25,995 |
| | | | 0 | | 0 |
| | | | 0 | | 0 |
| | | Totals: | 88,766 | | Statute Expired |

Prior to June 1, 1981, the interest rate for income tax refunds and underpayments was 6%. Effective June 1, 1981, Section 40-1-44, Code of Alabama 1975, set the interest rate equal to the rate specified by the U. S. Secretary of the Treasury pursuant to I.R.C. Section 6621.

# Alabama Department of Revenue
## Individual and Corporate Tax Division
### Computation of Interest Due

| Taxpayer | FEIN: | Page |
|---|---|---|
| Nexity Financial Corporation | 63-1222937 | 22 |

| | Year 12/31/2006 | Year 12/31/2007 | |
|---|---|---|---|
| **Interest to:** 6/15/2011 | Statute Expired | 64,713 | |

| | | Year: | 12/31/06 | |
|---|---|---|---|---|
| From Date | To Date | Interest Rate | Tax Amount | Interest Amount |
| 4/15/2007 | 6/15/2011 | 21.4880% | 104,346 | 22,422 |
| | | | 0 | 0 |
| | | | 0 | 0 |
| | | Totals: | 104,346 | **Statute Expired** |

| | | Year: | 12/31/07 | |
|---|---|---|---|---|
| From Date | To Date | Interest Rate | Tax Amount | Interest Amount |
| 4/15/2008 | 6/15/2011 | 13.8411% | 467,542 | 64,713 |
| | | | 0 | 0 |
| | | | 0 | 0 |
| | | Totals: | 467,542 | 64,713 |

Prior to June 1, 1981, the interest rate for income tax refunds and underpayments was 6%. Effective June 1, 1981, Section 40-1-44, Code of Alabama 1975, set the interest rate equal to the rate specified by the U. S. Secretary of the Treasury pursuant to I.R.C. Section 6621.

In re:   **Nexity Financial Corporation**                    Case No._____**10-12293 (KJC)**_____
                    **Debtor**                                                    **(If known)**

## SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐       Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (see instructions above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** **See attached Exhibit F** | | | | | | | |
| **ACCOUNT NO.** | | | | | | | |
| **ACCOUNT NO.** | | | | | | | |
| **ACCOUNT NO.** | | | | | | | |
| ____ continuation sheets attached | | | | Subtotal ▶ | | | **$22,000,000** |
| | | | | Total ▶ (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data..) | | | **$22,000,000** |

In re:   **Nexity Financial Corporation**                    Case No.          **10-12293 (KJC)**
                    **Debtor**                                                        **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITORS NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (see instructions above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  **$22,000,000**

Total ▶  **$22,000,000**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data..)

# EXHIBIT F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Stone Castle Partners | Mr. Robert McPherson 120 W. 45th Street 14th Floor New York, NY 10036 bmcpherson@stonecastlepartners.com F – 212-354-6565 | Trust Preferred Security* | | $9,000,000.00 |
| Alesco | Mr. Sam Hillier 2929 Arch Street 17th Floor Philadelphia, PA 19104 shillier@cohenandcompany.com F – 215-701-8282 | Trust Preferred Security* | | $3,000,000.00 |
| Silverton Bank | Mr. Tommy Neal 600 Paces Summit Atlanta, GA 30339 tneal@silvertonbank.com F- 770-805-2121 | Trust Preferred Security* | | $2,000,000.00 |
| Buckhead Community Bank | Mr. Marvin Cosgray 415 E. Paces Ferry Road Atlanta, GA 30305 F- 678-684-4801 | Trust Preferred Security* | | $1,000,000.00 |
| Coastal States Bank | Mr. Randy Dolyniuk P.O. Box 4800 Hilton Head Island, SC 29938 F – 834-341-9955 | Trust Preferred Security* | | $1,000,000.00 |
| First National Bank of Savannah | Layne Huttenberger 5225 Abercorn Street Savannah, GA 31405 F – 912-354-1403 | Trust Preferred Security* | | $1,000,000.00 |
| Citizens Bank of Vernon | Mr. Robin Trimm 103 Jamestown Blvd. Dothan, AL 36301 rtrimm@sunsouthbank.com F – 334-678-8827 | Trust Preferred Security* | | $500,000.00 |

---

* The Trust Preferred Security Claims are contractually subordinated to general unsecured claims.

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Community Bank of Pickens County | Mr. John Trammel 15 Sammy McGhee Blvd. Jasper, GA 30143 F – 706-253-9612 | Trust Preferred Security* | | $500,000.00 |
| Cornerstone Bank | Mr. Frank Roach 2060 Mount Paran Road NW Suite 100 Atlanta, GA 30327-2925 froach@cornerstonebankga.com F- 404-601-1251 | Trust Preferred Security* | | $500,000.00 |
| First Citizens Bank | Mr. William Petrey 66 N. Woodford Avenue P.O. Drawer 271 Luverne, AL 36049 wpetrey@fcbl.com F – 334-335-5810 | Trust Preferred Security* | | $500,000.00 |
| Georgia Banking Company | Mr. Matthew Blejwas 6190 Powers Ferry Road Atlanta, GA 30339 m.blejwas@geobanking.com F – 770-627-9515 | Trust Preferred Security* | | $500,000.00 |
| High Trust Bank | Ed Lane 280 W.Country Club Drive Stockbridge, GA 30281 F – 770-474-3455 | Trust Preferred Security* | | $500,000.00 |
| Metro Bank | Mr. Ken Barber P.O. Box 5369 Douglasville, GA 30154 kbarber@metrobankga.com F – 770-222-3498 | Trust Preferred Security* | | $500,000.00 |
| Peoples State Bank of Commerce | Mr. Ed Lowery 201 Jordan Road Franklin, TN 37067 elowery@fi-data.com F – 615-794-6351 | Trust Preferred Security* | | $500,000.00 |
| SunSouth Bank | Mr. Mike Bean Mr. Robin Trimm 103 Jamestown Blvd. Dothan, AL 36301 rtrimm@sunsouthbank.com F – 334-678-8827 | Trust Preferred Security* | | $500,000.00 |

---

\* The Trust Preferred Security Claims are contractually subordinated to general unsecured claims.

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim<br>(trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| United Security Bank | Mr. Pierce Neese, Chairman<br>350 E. Broad Street<br>Sparta, GA  31087-1441<br>F - 706-444-8892 | Trust Preferred Security* | | $500,000.00 |

In re:   **Nexity Financial Corporation**                         Case No. **10-12293 (KJC)**
                            **Debtor**                                              **(If known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

       Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  | Lease for 690 sq. ft. back-up facility; month to month lease for $720.17 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

In re:__**Nexity Financial Corporation**__          Case No._____**10-12293 (KJC)**_____
          **Debtor**          **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
          Debtor

Date _____          Signature: _____
          (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

#### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,          Social Security No.
of Bankruptcy Petition Preparer          *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
Address

X _____          _____
  Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §§ 110; 18 U.S.C. § 156.*

---

#### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date ____6-29-11____          Signature: _____
          DAVID E. LONG, *formerly, President*, NFC
          [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*