**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
:
In re                                                : Chapter 7
:
NEXITY FINANCIAL CORPORATION,[1]   : Case No. 10-12293 (KJC)
:
                                Debtor.           : Hearing Date: September 26, 2011 at 1:30 p.m.
                                                     : Objection Deadline: September 12, 2011 at 4:00 p.m.
---------------------------------------------------------------x

**FINAL APPLICATION OF FBR CAPITAL MARKETS & CO. FOR ALLOWANCE OF REIMBURSEMENT OF EXPENSES AS PLACEMENT AGENT TO THE DEBTOR FOR THE PERIOD FROM JULY 22, 2010 THROUGH JANUARY 31, 2011**

| | |
|---|---|
| Name of Applicant: | FBR Capital Markets & Co. |
| Authorized to Provide Professional Services to: | the above-captioned Debtor |
| Date of Retention: | August 27, 2010, *nunc pro tunc* to July 22, 2010 |
| Final Reimbursement Period | |
| Period for which final compensation and reimbursement are sought: | July 22, 2010 through January 31, 2011 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary for Final Reimbursement Period: | $424,154.39 |

This is a(n): ___ monthly   ___ interim   _X_ final application

---

[1] The last four (4) digits of the Debtor's federal identification number are 2937. The Debtor's principal place of business is located at 3680 Grandview Parkway, Suite 200, Birmingham, Alabama 35243.

Prior Applications Filed:

| Date Filed | Period Covered | Fees | Expenses | Status |
|---|---|---|---|---|
| 01/06/11 | July 22 2010 to November 30, 2010 | $0 | $355,704.09 | PAID |
| 02/08/11 | December 1, 2010 to January 31, 2011 | $0 | $68,450.30 | PAID[2] |
|  |  |  |  |  |
| **TOTAL** |  |  | **$424,154.39** |  |

---

[2] After the filing of the Certificate of No Objection Regarding Second Interim Application of FBR Capital Markets & Co. for Reimbursement of Expenses as Placement Agent to the Debtor for the Period from December 1, 2010 through January 31, 2011 [Docket No. 154], FBR applied a portion of certain funds that it was holding as an advance on legal and other expenses to the amount the Debtor was authorized to reimburse FBR. FBR has since returned to the Debtor all remaining funds in excess of such amount.

2

## EXPENSE SUMMARY
## JULY 22, 2010 THROUGH JANUARY 31, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Delivery of Documents | NetRoadshow and Intralinks | $17,079.99 |
| Legal Fees | Davis Polk & Wardwell LLP | $363,228.05 |
| Meals | | $5,978.59 |
| Travel | | $37,867.76 |
| **TOTAL** | | **$424,154.39** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 7
                                                               :
NEXITY FINANCIAL CORPORATION,[1]                               :   Case No. 10-12293 (KJC)
                                                               :
        Debtor.                                                :   Hearing Date: September 26, 2011 at 1:30 p.m.
                                                               :   Objection Deadline: September 12, 2011 at 4:00 p.m.
---------------------------------------------------------------x

**FINAL APPLICATION OF FBR CAPITAL MARKETS & CO. FOR ALLOWANCE OF REIMBURSEMENT OF EXPENSES AS PLACEMENT AGENT TO THE DEBTOR FOR THE PERIOD FROM JULY 22, 2010 THROUGH JANUARY 31, 2011**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Court's Administrative Order Establishing Procedures for (I) Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court and (II) Reimbursement of Expenses Incurred by Committee Members, dated August 27, 2010 (the "Administrative Order"), FBR Capital Markets & Co. ("FBR") hereby files this Final Application for Allowance of Reimbursement of Expenses as Placement Agent to the Debtor for the Period From July 22, 2010 through January 31, 2011 (the "Application"). By this Application, FBR seeks final allowance of reimbursement of expenses of $424,154.39 for the period from July 22, 2010 through January 31, 2011 (the "Final Reimbursement Period"). In support of this Application, FBR respectfully represents as follows:

## Background

1.  On July 22, 2010 (the "Petition Date"), Nexity Financial Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] The last four (4) digits of the Debtor's federal identification number are 2937. The Debtor's principal place of business is located at 3680 Grandview Parkway, Suite 200, Birmingham, Alabama 35243.

2. On August 27, 2010, this Court entered an order authorizing the retention of FBR as placement agent to the Debtor, *nunc pro tunc* to July 22, 2010 (the "Retention Order"). The Retention Order authorized FBR to be reimbursed for expenses incurred in connection with this case, subject to the Court's approval.

3. On July 21, 2011, the Court entered the *Order, Pursuant to Sections 105 (a) and 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(f), Converting Debtor's Chapter 11 Case to Case Under Chapter 7 of the Bankruptcy Code as of June 30, 2011* [Docket No. 239].

### Actual and Necessary Expenses

4. A summary of actual and necessary legal services rendered by FBR's legal counsel, Davis Polk & Wardwell LLP ("Davis Polk") during the Final Reimbursement Period and a summary of actual and necessary expenses and daily logs of expenses incurred by FBR during the Final Reimbursement Period were attached as exhibits to each of the previously filed interim fee applications, as applicable, and are attached as exhibits hereto.

5. FBR believes the foregoing rates of Davis Polk are the market rates that the majority of law firms charges clients for such services. In addition, FBR believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

6. FBR's expenses were necessary and reasonable expenses incurred in connection with the performance of its duties as placement agent to the Debtor and FBR believes that such expenses are customarily incurred by placement agents providing such services.

## Summary of Services Rendered

7. Pursuant to the terms of FBR's retention by the Debtor, FBR worked to restructure the Debtor and attempted to facilitate a meaningful capital raise. During the Final Reimbursement Period, FBR negotiated with creditors and assisted the Debtor in filing a prepackaged plan of reorganization (the "Plan"). FBR then extensively marketed the Plan to identify potential institutional and private equity investors. This process involved assembling marketing materials, contacting approximately 80 potential investors and conducting a multi-week roadshow in 11 cities from mid-July through September 2010. FBR followed up with 52 interested potential investors by facilitating meetings with the Debtor's proposed new management team. Of the 52 interested potential investors, 22 investors executed non-disclosure and confidentiality agreements, and 19 investors conducted follow-up due diligence with the assistance of FBR. During its engagement, FBR also participated in at least weekly calls with the Debtor and federal and state bank regulators to keep the regulators apprised of the status of the bankruptcy case and the capital raise process. Throughout the Final Reimbursement Period, FBR incurred out-of-pocket expenses for travel and meals during the marketing process and the multi-week roadshow.

8. In its capacity as legal counsel to FBR in this matter, Davis Polk was actively involved in a wide range of bankruptcy, capital raise and regulatory matters during the Final Reimbursement Period. Davis Polk provided regular advice to FBR on bankruptcy law matters, particularly in the weeks immediately after the Petition Date and in connection with the preparation of FBR's first interim application for allowance of reimbursement of expenses. Davis Polk also advised FBR on matters relating to the Debtor's capital raise strategy and drafted and reviewed capital raise documents, including non-disclosure agreements entered into by

...

prospective investors. Further, Davis Polk advised FBR on regulatory issues related to the bankruptcy case and the capital raise, including by participating in at least weekly calls during the Final Reimbursement Period with FBR, the Debtor and federal and state bank regulators, and researching various issues, including the effect of the Debtor's delay in exiting bankruptcy.

9. As this Court is aware, notwithstanding the six months spent on the capital raise process and meetings with over 50 potential investors, as a result of the uncertainties surrounding the legacy asset portfolio, the Debtor could not ultimately identify an investor(s) willing to commit an amount even close to the $175 million needed to fund the Plan on an unassisted basis. Having realized that, notwithstanding extensive efforts by the Debtor and FBR, the capital raise was not successful, the regulators determined they were not willing to provide the Debtor with any more time to continue the process. In January 2011, the regulators informed the Debtor that the time for an unassisted transaction had run out. Accordingly, after the Debtor and FBR recognized that the Debtor's ability to raise funds in an unassisted transaction was unlikely to succeed, on February 10, 2011, the parties agreed to terminate FBR's engagement with the Debtor pursuant to the terms of the engagement letter between the parties.

WHEREFORE, FBR respectfully requests that the Court authorize that for the period from July 22, 2010 through January 31, 2011, a final allowance be made to FBR pursuant to the terms of the Administrative Order with respect to the sum of $424,154.39 as 100% reimbursement of expenses.

Dated: August 18, 2011
New York, New York

Respectfully submitted,

*Brian Taylor*
Brian Taylor
FBR Capital Markets & Co.
237 Park Avenue
19th Floor
New York, NY 10017
Telephone: (212) 457-3363
Facsimile: (212) 457-3376

*Former Placement Agent to Debtor
and Debtor in Possession*

5

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF NEW YORK       )

Brian Taylor, after being duly sworn according to law, deposes and says:

a) I am a managing director with the applicant firm, FBR Capital Markets & Co.

b) I am familiar with the work performed on behalf of the Debtor by the advisors in the firm.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such rule.

*Brian Taylor*
Brian Taylor

SWORN AND SUBSCRIBED before me
this 18th day of August, 2011.

*Tracy Silletto*
Notary Public
My Commission Expires: 9-5-2013

TRACY A. SILLETTO
Notary Public, State of New York
No. 01MA5049078
Qualified in Richmond County
Commission Expires Sept. 5, 2013

6