IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------------x
:
In re                                                                              :    Chapter 7
:
NEXITY FINANCIAL CORPORATION,                         :    Case No. 10-12293 (KJC)
:
Debtor.                                                                       :
:
---------------------------------------------------------------------------------x

Objection Deadline February 7, 2014 at 4:00 p.m.
Hearing Date: February 19, 2014 at 1:15 p.m.

### MOTION OF CHAPTER 7 TRUSTEE TO APPROVE
### SALE OF SHARES OF STOCK AND FOR RELATED RELIEF

Jeoffrey L. Burtch, Esquire, Chapter 7 trustee (the "Trustee") in the above-captioned bankruptcy case, moves this Court to approve a sale of shares of common stock of South Atlantic Bancshares, Inc. ("South Atlantic Bancshares") to South Atlantic Bank 401(k) Employee Stock Ownership Plan ("South Atlantic 401(k) and/or "Purchaser") and to grant related relief.  In support of this motion (the "Motion"), the Trustee respectfully represents as follows:

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On July 22, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date") and the First Amended Prepackaged Plan of Reorganization of Nexity Financial Corporation (the "Plan") under Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code").

4. The Debtor was a holding company for Nexity Bank, headquartered in Birmingham, Alabama.

5. The proposed Plan required that the Debtor raise $175 million in new capital in order to consummate the Plan.

6. When the Debtor was unable to raise the necessary capital to consummate the Plan, Nexity Bank failed and on April 15, 2011, the Alabama Banking Department closed Nexity Bank and appointed the FDIC-R as the receiver.

7. On July 21, 2011, an Order was entered converting this case to a case under Chapter 7 of the Bankruptcy Code (D.I. No. 239).

8. Jeoffrey L. Burtch was appointed as interim trustee on or about July 22, 2011, pursuant to Section 701 of the Bankruptcy Code. Thereafter, the meeting of creditors pursuant to 11 U.S.C. § 341 was held and concluded on August 23, 2011, and Mr. Burtch serves as the Trustee for this case pursuant to 11 U.S.C. § 702(d).

9. On the Petition Date, the Debtor owned 25,000 shares of South Atlantic Bancshares, a holding company for South Atlantic Bank, headquartered in Myrtle Beach, South Carolina. Thereafter, in December 2012, a 10% dividend was declared and the Debtor received an additional 2,500 shares bringing the total number of shares owned by the Debtor to 27,500.

**The Sale Agreement**

10.     Attached hereto as <u>Exhibit A</u> is the Asset Purchase Agreement (the "Agreement") executed by the Trustee and South Atlantic 401(k).  The material terms of the Agreement are as follows[1]:

a)    <u>Purchase and Sale of Assets</u>.  Subject to the terms and conditions set forth in the Agreement, at the Closing, Purchaser shall purchase from Seller, and Seller shall sell, transfer, assign, and convey or cause to be sold, transferred, assigned, and conveyed to Purchaser, all of the Purchased Assets, free and clear of all Liens.

b)    <u>Purchased Assets.</u> The Purchased Assets consist of all of the Estate's rights and title to, and interest in 9,419 shares of common stock of South Atlantic Bancshares, as defined in the Agreement.

c)    <u>Purchase Price</u>.  The Purchase Price for the Assets is Ninety two thousand four hundred dollars ($92,400) equating to $9.81 per share.  The Purchase Price is payable at the Closing.

d)    <u>Closing Date</u>.  Subject to the terms and conditions set forth in the Agreement, the Closing shall occur on the fifth Business Day after the Sale Approval Order becomes a final order, unless extended by joint written agreement of Purchaser and Seller.

e)    <u>The Purchaser</u>.  The Purchaser is South Atlantic Bank 401(k) Employee Stock Ownership Plan, a qualified KSOP Plan for employees of South Atlantic Bank pursuant to Internal Revenue Code Sections 401(k)(1), 404(k), and 404(a)(9). Neither South Atlantic 401(k), nor the Board of South Atlantic Bancshares as the Trustee of South Atlantic 401(k), has any

---

[1] The summary of the Agreement is provided for the convenience of the Court and the parties receiving this Motion; and to comply with applicable Local Rules.  To the extent that the summary differs in any way from the terms of the Agreement, the terms of the Agreement shall control.  Capitalized terms used but not defined in this summary shall have the meanings given in the Agreement.

relationship with the Debtor, or the Trustee, other than the fact that the Debtor owned stock in South Atlantic Bancshares and the Bankruptcy Estate will continue to own 18,081 shares following the closing of this sale.

    f)    <u>Relief from Bankruptcy Rule 6004(h)</u>. The Sale order seeks relief from the 14-day stay imposed by Rule 6004(h) and other Bankruptcy Rules.

    11.    The Purchased Assets are being sold by the Trustee on an AS IS basis.

    12.    To further maximize the value of the Purchased Assets, the sale is subject to higher and/or better offers received by the objection deadline for this Motion. This procedure has been routinely approved by this Court to maximize the value of a smaller asset for sale. *In re Dan River Holdings, et al.*, Case No. 08-10726 (BLS), Docket No. 667 (Order) (approving chapter 7 sale of real property in Virginia with procedure of opportunity for competing bids submitted by the objection deadline on the approval motion); *In re Synthron, Inc.*, Case No. 06-11196 (MFW), Docket No. 186 (Order) (approving chapter 7 sale of personal property in North Carolina with procedure of opportunity for competing bids submitted by the objection deadline on the approval motion); *In re USDigital, Inc.*, Case No. 07-10374 (CSS), Docket No. 93 (Order) (approving substantially the same Chapter 7 sale and procedural relief); *In re Emission Controls Corp.*, Case No. 04-11792 (PJW), Docket No. 25 (Order) (same).

    13.    This procedure is particularly appropriate where the Purchased Assets have been available since the conversion date of July, 2011, and no other party has expressed an interest in acquiring them. The Trustee believes that there is a limited market for the shares of common stock of South Atlantic Bancshares. South Atlantic Bancshares is not publically traded on any exchange. The Purchase Price was derived from a stock valuation of South Atlantic Bancshares completed as of December 31, 2012 that was provided to the Trustee by the Purchaser (the

"Stock Valuation"). Community Capital Advisors, an investment banking firm, prepared the Stock Valuation with respect to the common stock of South Atlantic Bancshares and valued the fair market value of the Bank at $9.81 per share. The Purchase Price is based on the fair market value provided for in the Stock Valuation and therefore the Trustee believes that proceeding by a private sale is appropriate under the circumstances.

14. Any competing offer must be received by the undersigned counsel by the objection deadline stated for this Motion. Any party interested in submitting a competing offer should not wait for the objection deadline, but instead should immediately contact Claire McCudden at cmccudden@coochtaylor.com.

## Relief Requested

15. By this Motion, the Trustee requests the entry of an order in the form attached hereto (the "Sale Order") approving the private sale of the Purchased Assets to the Purchaser substantially on the terms set forth in the Agreement.

## Basis for Relief Requested

**The Sale Contemplated by the Agreement Should be Approved**

16. Section 363(b) of the Bankruptcy Code provides, in part, that "[t]he trustee, after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy Rule 6004 states that "all sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1). Bankruptcy Rule 2002(c)(1) states, in pertinent part, that,

> …the notice of a proposed use, sale or lease of property…shall include…the terms and conditions of any private sale and the deadline for filing objections. The notice of a proposed use, sale or lease of property, including real estate, is sufficient if it generally describes the property.

Fed. R. Bankr. P. 2002(c)(1).

17. Where a trustee seeks to sell assets of the estate pursuant to section 363 of the Bankruptcy Code, the trustee's good faith business judgment regarding the proposed transaction should not be disturbed absent a showing that the transaction constitutes an abuse of discretion or is contrary to the interests of the creditors. *In re Thrifty Liquors, Inc.*, 26 B.R. 26, 28 (Bankr. D. Mass. 1982); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149-150 (3d Cir. 1986). The Court in *Abbotts Dairies* stressed two factors that a trustee must prove in order to obtain court authorization of a use of property of the estate pursuant to section 363 of the Bankruptcy Code. First, the transaction must result from the exercise of the trustee's sound business judgment and second, the trustee must be acting in "good faith." *Id*. at 150. For all the reasons set forth in this Motion, the Trustee believes that the sale of the Assets will inure to the benefit of the estate of Nexity Financial Corporation (the "Estate"), and that the Trustee is acting in good faith.

**Proceeding by Private Sale Reflects and Exercise of the Trustee's Business Judgment**

18. There is sound business justification to proceed by private sale, rather than conducting a public sale of the Purchased Assets. The Trustee submits that a private sale to the Purchaser, rather than an auction process, is appropriate under the circumstances. Specially, the Trustee believes that the price offered by the Purchaser would meet or exceed any offer submitted if the Purchased Assets were subjected to a public auction, and the costs associated with a public auction would not produce any additional benefit to the Estate and creditors.

**The Purchase Price is Fair and Reasonable**

19. As stated previously, the Purchase Price is based on the fair market value provided for in the Stock Valuation. The Trustee has carefully considered and analyzed the Purchaser's offer and believes that the sale of the Purchased Assets on the terms set forth in the

Agreement will result in obtaining the maximum value for the Purchased Assets and is in the best interest of the Estate. The Sale will be in exchange for fair and reasonable value and was the result of arm's-length negotiations.

**The Agreement Was Negotiated in Good Faith Pursuant to Section 363(m)**

20. The Agreement has been negotiated at arm's-length and in good faith. Thus, the Purchaser is entitled to the protections of section 363(m) of the Bankruptcy Code. The Purchaser is not an "insider" of the Debtor within the meaning of section 101(31) of the Bankruptcy Code. Negotiations with the Purchaser were at all times conducted at arm's-length. Accordingly, the Trustee requests that the Court make a finding that the Agreement reached with the Purchaser was at arm's-length and that the Purchaser is entitled to the protections of section 363(m) of the Bankruptcy Code.

**The Sale should be free and clear of Interests pursuant to 11 U.S.C. § 363(f)**

21. Bankruptcy Code section 363(f) permits a trustee to sell assets free and clear of all liens, claims, interests, charges, and encumbrances (with any such liens, claims, interests, charges, and encumbrances attaching to the net proceeds of the sale with the same rights and priorities therein as in the sold assets).

22. The Trustee does not believe that any creditor has a secured claim against the Purchased Assets, however, out of an abundance of caution, the Trustee reserves all rights to sell the Purchased Assets pursuant to section 363(f).

**Adequate and Reasonable Notice of the Sale Has Been Provided**

23. The Trustee has provided adequate notice of the Proposed Sale to the Office of the United States Trustee, the Bankruptcy Rule 2002 list, and all interested parties as required by the applicable rules.

WHEREFORE, the Trustee requests that the Court enter the proposed Order attached hereto approving entry into the Agreement and authorizing the Sale of the Purchased Assets and granting such other and further relief as the Court deems just and proper.

Dated:  January 14, 2014                                COOCH AND TAYLOR, P.A.

*/s/ M. Claire McCudden*
Susan E. Kaufman, (No. 3381)
M. Claire McCudden (No. 5036)
1000 West Street, 10th Floor
Wilmington, DE  19801
Telephone:  (302) 984-3800
Facsimile:  (302) 984-3939

*Counsel to Jeoffrey L. Burtch,*
*Chapter 7 Trustee*