**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------------------------------x
                                                                                   :
**In re**                                                                          :   **Chapter 7**
                                                                                   :
**NEXITY FINANCIAL CORPORATION,**                                                  :   **Case No. 10-12293 (KJC)**
                                                                                   :
                                           **Debtor.**                             :
                                                                                   :
----------------------------------------------------------------------------------x

**STATUS REPORT**

Jeoffrey L. Burtch, Chapter 7 Trustee for the Estate of Nexity Financial Corporation,

responds to the request of the Court for a Status Report, as follows:

1.      On July 22, 2010, the Debtor filed a voluntary petition for relief under Title 11 of

Chapter 11 of the United States Code (the "Bankruptcy Code").   The Debtor was a holding

company for Nexity Bank, headquartered in Birmingham, Alabama.

2.      When the Debtor was unable to raise the necessary capital to consummate the

proposed Prepackaged Plan, Nexity Bank failed and on April 15, 2011, the Alabama Banking

Department closed Nexity Bank and appointed the FDIC-R as the receiver.

3.      On July 21, 2011, an Order was entered converting this case to a case under Chapter

7 of the Bankruptcy Code.

4.       Jeoffrey L. Burtch was appointed as interim trustee on or about July 22, 2011,

pursuant to Section 701 of the Bankruptcy Code.  Thereafter, the meeting of creditors pursuant to

11 U.S.C. § 341 was held and concluded on August 23, 2011, and Mr. Burtch serves as the

Trustee for this case pursuant to 11 U.S.C. § 702(d).

5.      The Trustee has completed the liquidation of substantially all assets of the Debtor

and is presently exploring the possibility of sale of remnant assets.

6.      On February 27, 2017, the Trustee dissolved the wholly owned non-debtor subsidiary Nexity Financial Services, Inc. by filing Articles of Dissolution for Nexity Financial Services, Inc. with the Probate Court of Jefferson County, Alabama and published notice of the filing of the Articles of Dissolution.  The published notice provides that creditors of Nexity Financial Services have two years from the date of publication to file claims against the dissolved entity. Thereafter, the Trustee obtained approximately $105,000 which was held in a bank account at Alostar Bank in the name of Nexity Financial Services, Inc.  Assuming that no claims are filed against Nexity Financial Services, Inc., those funds will be upstreamed to the Debtor.  While the deadline for filing claims against Nexity Financial Services, Inc. doesn't expire until February 2019, the Trustee intends to continue with the final administration of the case and submit his final report to the office of the U.S. Trustee so that the review of the final report can take place while the deadline is continuing to run.

7.      The Trustee presently is holding $ 1,353,797.50 in his accounts, including the $105,000 referenced above, which is held in a segregated account.

8.      The Trustee's retained accountants are working with accountants at the FDIC-R to obtain necessary information to file the final income tax return for the Debtor.

9.      The Trustee has resolved and paid all filed Chapter 11 administrative claims [D.I. 354].  Additionally, all filed priority claims have been resolved, including tax claims of the State of Alabama and claims of the FDIC-R. [D.I. 303 and 387].  Under orders of this Court, the State of Alabama has an allowed claim under §507(a)(8) in the amount of $ 137,296 and the FDIC-R has an allowed claim under §507(a)(9) in the amount of $13,272,113.62.  Pursuant to a settlement agreement with the FDIC-R, 20% of the distribution to the FDIC-R shall go to lower priority creditors.

10.     The Trustee has substantially completed the analysis of the remaining filed claims and anticipates shortly filing claims objections or negotiating agreements with approximately three creditors.

11.     Once the final claims resolutions, the final tax returns, and other administrative matters are completed, the Chapter 7 professionals will file their final fee applications and the Trustee will prepare his report for submission to the Office of the United States Trustee.


Date:  December 5, 2017                    LAW OFFICE OF SUSAN E. KAUFMAN, LLC


                                           */s/ Susan E. Kaufman*
                                           Susan E. Kaufman, (DSB# 3381)
                                           919 North Market Street, Suite 460
                                           Wilmington, DE 19801
                                           (302) 472-7420
                                           (302) 792-7420 Fax
                                           skaufman@skaufmanlaw.com


                                           Counsel for Jeoffrey L. Burtch, Chapter 7 Trustee